Regis Melchoir ZEOLLA, Appellant,

v.

Judith Ann ZEOLLA, Appellee.

No. 14–99–00121–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 9, 2000.

Ronald Dennis Haddox, Thomas A. Niederhofer, Baytown, for appellant.

Bruce A. Baughman, Baytown, for appellee.

Panel consists of Chief Justice MURPHY and Justices FOWLER and WITTIG.

## OPINION

DON WITTIG, Justice.

This appeal addresses a challenge to the trial court's clarification order concerning retirement benefits. The underlying agreement awarded the former wife her prior husband's retirement benefits "if retirement occurs at age 65." He took early retirement at age 57. The court found that the husband was nonetheless obligated to pay benefits. We will examine whether the trial court could and did correctly clarify the agreed Division of Marital Estate. We also examine whether the clarification order was prohibitively retroactive. We affirm the action of the trial court.

### Background

Appellee, Judith Ann Zeolla, was granted a divorce from appellant, Regis Zeolla, in 1985. The agreement, which was incorporated into the decree contained the following terms:

The Court finds that REGIS MEL-CHOIR ZEOLLA is a participant in a retirement program ... and would receive a monthly retirement benefit as of the date of this decree, if he were eligible for retirement at the age of 65, in a monthly amount of $1191.00.

The Court further finds that the community interest in the monthly retirement benefit is one hundred percent (100%). The court further finds that one hundred percent (100%) community interest is equal to a monthly retirement benefit of $1191.00.

IT IS ORDERED AND DECREED that JUDITH ANN ZEOLLA shall have judgment and recover of and from REGIS MELCHOIR ZEOLLA in the sum of $1191.00 per month, payable if, as and when the retirement is received by REGIS MELCHOIR ZEOLLA, if retirement occurs at age 65.

Regis retired at age 57. Regis' former employer later began paying him monthly benefits, reduced for early retirement. Judith, however, received none of the benefits and sought to have the court clarify Regis' obligations under the agreement. The court held an evidentiary hearing and found Regis was obligated to pay Judith $923.03 per month. It also ordered Regis pay her $8,307.27, representing the amount in benefits he previously received and to which Judith was entitled.

Regis claims the court erred by (1) entering a clarifying order where the prior decree was specific enough to be enforced by contempt; (2) entering a clarifying order with a provision containing a retroactive effect; (3) failing to make a finding in the clarifying order that the agreement was not specific enough to be enforced by contempt; and (4) failing to construe the agreement according to applicable contract construction principles.

## The Clarifying Order

■ Regis offers the following line of argument to show the court's clarifying order was improper:

— TEX. FAM.CODE ANN. § 9.008(b) authorizes a court to enter a clarifying order if the original agreement is not specific enough to be enforced by contempt.[1]

— The agreement unambiguously provides that Judith is entitled to the monthly retirement benefits of $1,191 "if retirement occurs at age 65."

— Therefore, the agreement is specific enough to be enforced by contempt.

— Because the language is specific enough to be enforced by contempt, the court was not authorized to enter a clarifying order.

— Additionally, because the clarifying order imposed obligations completely different from those in the original agreement, it constitutes an impermissible modification of the divorce decree.[2]

Judith does not dispute that the agreement would be unambiguous had Regis retired at age 65. However, she argues that his early retirement brought to light a "latent ambiguity" which the court was authorized to clarify. We agree.

1. This section provides:
   On a finding by the court that the original form of the division of property is not specific enough to be enforceable by contempt, the court may render a clarifying order setting forth specific terms to enforce compliance with the original division of property.
   TEX. FAM.CODE ANN. § 9.008(b) (Vernon 1998).

2. We note that Regis' first point of error is multifarious in that it embraces more than one specific ground of error: (1) the court was unauthorized to enter a clarifying order; and (2) the court improperly modified the divorce decree. Nonetheless, we address the point because we can ascertain with reasonable certainty the alleged errors which complaint addresses. See TEX.R.APP. P. 38.1(e); Thornton v. D.F.W. Christian Television, Inc., 925 S.W.2d 17, 22–23 (Tex.App.-Dallas 1995) rev'd other grounds 933 S.W.2d 488 (Tex.1996).

■ Consent judgments are interpreted according to the law of contracts. *See Harvey v. Harvey,* 905 S.W.2d 760, 764 (Tex.App.—Austin 1995, no writ). A contract is ambiguous when its meaning is uncertain or doubtful or it is reasonably susceptible to more than one meaning. *See Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983). Whether a contract is ambiguous is a question of law. *See R & P Ent. v. LaGuarta, Gavrel & Kirk, Inc.,* 596 S.W.2d 517, 518 (Tex.1980). A latent ambiguity exists when a contract is facially unambiguous but fails as applied to the subject matter because of a collateral matter. *See Friendswood Dev. Co. v. McDade + Co.,* 926 S.W.2d 280, 282–83 (Tex.1996). The ambiguity must become apparent when the contract is read in the context of surrounding circumstances. *See National Union Fire Ins. Co. v. CBI Indus., Inc.,* 907 S.W.2d 517, 521 (Tex.1995). When a contract contains an ambiguity, its interpretation and the intent of the parties becomes a fact issue. *See Coker,* 650 S.W.2d 391 at 393–94.

■ Here, the agreement was silent as to Regis' obligations if he retired at any age other than 65. Because of this, a latent ambiguity clearly occurred when he retired at 57. *See Franklin v. Jackson,* 847 S.W.2d 306, 310–11 (Tex.App.—El Paso 1992, writ denied) (because agreement for lease of peanut allotment was silent with respect to disposition of increase in allotment, increase in allotment created latent ambiguity). In light of the uncertainty occasioned by the early retirement, the agreement was not specific enough to be enforceable by contempt. *See Ex parte Slavin,* 412 S.W.2d 43, 44–45 (Tex.1967) (language of the order should inform the parties of their obligations without calling on them for inferences or conclusions about which persons might well differ). Therefore, because the agreement contained a latent ambiguity, we hold the court was authorized to enter an order clarifying it. *See* Tex. Fam.Code Ann. § 9.008(b).

■ Regis also argues the clarifying order constituted an impermissible modification of his obligations. The latent ambiguity created a fact issue concerning how the benefits would be treated if Regis retired early. This fact issue was duly resolved by the court after a full hearing on the merits. The court found that Judith was entitled to the benefits, adjusted proportionally to reflect early retirement. On the record presented to us, we do not perceive that Regis' extant obligations to pay retirement benefits were altered. Further, in the absence of a properly submitted sufficiency of the evidence issue, we will not disturb the court's resolution of the fact issue.

Appellant's first ground of error is therefore overruled.

### Retroactive Effect

■ Regis next argues the clarifying order does not comply with Tex. Fam.Code § 9.008(c) because its requirement that he pay $8,307.27 in past due benefits produces a retroactive effect. Section 9.008(c) states, "[t]he court may not give retroactive effect to a clarifying order." For context, this subsection is obviously within Tex. Fam.Code Ann. § 9.008. This entire section deals with clarification in aid of contempt enforcement. Subsections (a), (b) and (d) all specifically speak in terms of contempt. Appellant argues section 9.008(c) out of context. Although subsection (c) does not specifically mention contempt, viewed in context we hold all subsections of 9.008 are in conjunction with contempt. Therefore a court may not give retroactive effect to a clarifying order in such a way as to subject a party immediately to contempt. "The court shall provide a reasonable time for compliance before enforcing a clarifying order by contempt or in another manner." *See* Tex. Fam.Code Ann. § 9.008(d).

■ Our holding is further supported by related authority. Though "retroactive effect" is not defined in the Family Code,

the term is commonly used in determining the application of rules and statutes. *See, e.g., Landgraf v. USI Film Prods.*, 511 U.S. 244, 267–69, 114 S.Ct. 1483, 1498–99, 128 L.Ed.2d 229, 254 (1994); *Houston Indep. School Dist. v. Houston Chronicle*, 798 S.W.2d 580 (Tex.App.—Houston [1st Dist.] 1990, writ denied). In that context, a law has a retroactive effect if it takes away or impairs vested rights acquired under existing laws. *Houston Chronicle*, 798 S.W.2d at 585. The U.S. Supreme Court held in *Landgraf* that an act is not retroactive merely because it applies to a case arising from conduct antedating its enactment. *Id.*, 114 S.Ct. at 1498–99 Rather, a court must ask whether it attaches new legal consequences to events completed before its enactment. *Id.* at 1499.

■■■ The court's ruling in this case attached no new legal consequences to prior events, nor did it impair vested rights. In fact, had the court allowed Regis' attempt to evade paying his already accrued obligations, it could have altered *Judith's* substantive rights under the agreement to receive retirement benefits. We note that under Regis' interpretation of the provision, a court would be powerless to order a party to pay any past due obligations. Such results would be inconsistent with the principles enunciated in *Landgraf* and *Houston Chronicle* and frustrate the very mandate of the Family Code.[3]

The trial court found that Regis was obligated to pay benefits that had already accrued under the agreement. Therefore, we hold the court's finding did not give a retroactive effect to the agreement. This issue is therefore overruled.

### Court's Failure to Make Finding and Failure to use Contract Construction Principles

■■ Finally, Regis complains the court erred in failing to include a finding that the agreement was not specific enough to be enforced by contempt. He also contends the court "presumably" construed the agreement, but, because of the result, must have failed to properly apply principles of contract construction. We do not address the merits of these points because Regis did not preserve error as required under TEX.R.APP. P. 33.1.

First, Regis has not shown that he timely made the court aware he believed it was bound to apply any particular principles of contract construction. *See* TEX.R.APP. P. 33.1(a)(1)(A). Because of this, we are presented with nothing for review other than his *post hoc* speculation about the court's method of reaching its decision.

Additionally, Regis has not shown that he complained to the court of its failure to make the missing finding he now complains of. Though he filed a general request for findings of fact and conclusions of law, the record does not reflect the court complied. However, it is incumbent on the party seeking findings to file notice with the court the findings are past due. *See* TEX.R. CIV. P. 297. Because Regis did not file the notice, he waived any error pertaining to the court's failure to make findings. *See* TEX.R.APP. P. 33.1(a)(1)(B); *see Las Vegas Pecan & Cattle Co., Inc. v. Zavala County*, 682 S.W.2d 254, 255–56 (Tex.1984). These grounds of error are therefore overruled.

The judgment of the trial court is affirmed.

---

3. In enacting a statute, we must presume that "the entire statute is intended to be effective" and "a just and reasonable result is intended." TEX. GOV'T CODE ANN. §§ 311.021(2), (3)