Reversed and Rendered, in Part, and Reversed and Remanded, in Part, and
Opinion filed March 30, 2004









Reversed and Rendered, in Part, and Reversed and
Remanded, in Part, and Opinion filed March 30, 2004.

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00800-CV

____________

 

JOHN FRANK
MCKNIGHT,
Appellant

 

V.

 

JENNIFER L.
TROGDON-MCKNIGHT, Appellee

 



 

On Appeal from the 245th
District Court

Harris County, Texas

Trial Court Cause No. 99-30514

 



 

O P I N I O N

In this restricted appeal, appellant, John
Frank McKnight, appeals the trial court=s judgment entry
of a clarification order, new qualified domestic relations orders, a stock
division order, and a monetary judgment in favor of Jennifer L.
Trogdon-McKnight.  We reverse and render,
in part, and reverse and remand, in part.

On March 21, 2000, John and Jennifer
entered into an agreed final decree of divorce. 
On September 6, 2000, the trial court entered two qualified domestic
relations orders (AQDROs@) effectuating the
divorce decree=s division of John=s retirement
plans.  








On July 16, 2001, asserting that the
original decree was not specific enough to be enforced through contempt,
Jennifer filed a motion for clarification of the divorce decree, requesting
that the court (1) order that the parties= house be listed
with a designated real estate broker for sale to a third party; (2) enter an
order for the division of certain stock options; (3) order John to pay Jennifer
50% of any monies received by him for any and all stock options arising out of
his employment with National Fuel Gas that were awarded to Jennifer that were
exercised, sold, transferred, conveyed, and/or cashed by John; and (4) order
John to turn over the keys to a storage facility where Jennifer alleged that
her personal property was located.  Also
asserting that the September 6, 2000, QDROs contained numerous errors and did
not accurately reflect the decree, Jennifer requested that the trial court
enter amended QDROs to effectuate the partition of John=s National Fuel
Gas retirement and tax-deferred savings plans. 


On January 28, 2002, the trial court held
a hearing on Jennifer=s motion to clarify and entered a
clarifying order.  On April 4, 2002, the
trial court entered new QDROs, revoking the September 6, 2000 QDROs, and
further entered an order dividing the stock options.  Asserting that the January 28, 2002
clarification order, the April 4, 2002 amended QDROs, and the April 4, 2002
order dividing the stock options substantively changed the terms of the
original divorce decree and the previous QDROs, John seeks to set aside those
orders by way of this restricted appeal.

                                           I. 
Restricted Appeal








John contends he has met all jurisdictional
prerequisites entitling him to bring this restricted appeal.  A direct attack on a judgment by restricted
appeal must (1) be brought within six months after the trial court signs the
judgment, (2) by a party to the suit, (3) who did not participate in the actual
trial, and (4) the error complained of must be apparent on the face of the
record.  Tex. R. App. P. 30. 
Review by restricted appeal affords the appellant the same scope of
review as an ordinary appeal, i.e., review of the entire case.  Norman Communications v. Texas Eastman Co.,
955 S.W.2d 269, 270 (Tex. 1997) (per curiam). 

John perfected this appeal on July 26,
2002, within six months after the January 28, 2002 clarification order, and he
was a party to the suit.  Jennifer
challenges John=s assertions that (1) he did not
participate and (2) error is apparent on the face of the record.  

                                         A.  Participation in the Trial

The nature and extent of participation precluding
a restricted appeal in any particular case is a matter of degree because trial
courts decide cases in a myriad of procedural settings.  Texaco, Inc. v. Central Power & Light
Co., 925 S.W.2d 586, 589 (Tex. 1996). 
The issue is whether the appellant participated in the decision-making
event that results in the judgment adjudicating the appellant=s rights.  Id. 
It is the fact of nonparticipation, not the reason for it, that
determines the right to a restricted appeal. 
Id. 590.  

Jennifer asserts John took part in all of
the decision making events and the critical hearings, including the entry of
the agreed final decree of divorce on March 17, 2000, which ultimately
determined the parties= rights pursuant to the decree, thereby
precluding this restricted appeal.  We
disagree with Jennifer=s assertion that John participated in the
events that determined the parties= rights.  While John may have participated up to the
point of the final divorce decree, he did not participate in the proceedings
resulting in the clarification order, the amended QDROs, or the stock division
order.  Therefore, we conclude John has
satisfied the nonparticipation element of a restricted appeal.

                                   B.  Error on the Face of the Record








John argues there is error on the face of
the record because (1) the clarification order, the order dividing stock
options, and the April 4, 2002 QDROs contain provisions that substantively
alter the original divorce decree and the September 6, 2000 QDROs, and (2) the
relief granted to Jennifer was substantively more than the scope of the notice
she afforded to John in her motion to clarify. 
For purposes of a restricted appeal, the face of the record consists of
all the papers on file before the judgment, including the reporter=s record.  Norman Communications, 955 S.W.2d at
270.  For the reasons stated below, we
also conclude there is error on the face of the record.  Thus, John has met all the requirements for
bringing a restricted appeal.  

                                             1.  Sale of the Property

John asserts that the clarification order
substantively changes the terms of the agreed divorce decree with regard to the
sale of the house by (1) ignoring his right to have the house appraised and his
right to purchase the house for the appraised value; (2) ignoring his right of
first refusal to purchase the house by matching any proposed sale; (3) granting
Jennifer the sole right to determine the price at which the property will be
listed for sale; and (4) appointing a receiver in the event the parties fail to
agree on a sales price or if either party refuses to sign any documents necessary
to effectuate the sale of the property.  








If the trial court finds the original form
of the division of property in a divorce decree is ambiguous or not specific
enough to be enforceable by contempt, it may enter a clarifying order to
enforce compliance with original division of the property.  Tex.
Fam. Code Ann. ' 9.008(b) (Vernon 1998);[1]
Wright v. Eckhardt, 32 S.W.3d 891, 894 (Tex. App.CCorpus Christi
2000, no pet.); Kimsey v. Kimsey, 965 S.W.2d 690, 695 (Tex. App.CEl Paso 1998, pet.
denied).  A valid clarification order is
consistent with the divorce decree and A>merely enforces by
appropriate order the controlling settlement agreement.=@  Wright, 32 S.W.3d at 894 (quoting Young
v. Young, 810 S.W.2d 850, 851 (Tex. App.CDallas 1991, writ
denied)). In the absence of an ambiguity, the trial court is without authority
to modify the judgment.  Pearcy v.
Pearcy, 884 S.W.2d 512, 514 (Tex. App.CSan Antonio 1994,
no writ). 

Agreed judgments are interpreted in
accordance with contract law.  Zeolla
v. Zeolla, 15 S.W.3d 239, 242 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied) (citing Harvey v. Harvey, 905 S.W.2d 760, 764
(Tex. App.CAustin 1995, no writ)).  Whether the decree is ambiguous is a question
of law subject to de novo review.  Bishop
v. Bishop, 74 S.W.3d 877, 880 (Tex. App.CSan Antonio 2002,
no pet.); Wright, 32 S.W.3d at 894. 
A contract is ambiguous when its meaning is uncertain or doubtful or it
is reasonably susceptible to more than one meaning.  Zeolla, 15 S.W.3d at 242.  When a contract contains an ambiguity, its
interpretation is a question of fact.  Id.  

Jennifer offers no explanation for the
reason the agreed divorce decree is ambiguous 
with respect to the sale of the house or not specific enough to be
enforced by contempt.  Indeed, after
reviewing that portion of the divorce decree, we conclude it is not ambiguous.  In the absence of any ambiguity, the trial
court had no authority to change the terms of the decree with regard to the
sale of the house by way of a clarifying order. 


                                            2.  Stock Division Order

The divorce decree awarded John and
Jennifer each one-half of John=s stock options
arising out of John=s employment with National Fuel Gas.  John seeks to set aside the stock division
order, asserting that it substantively changes the terms of the divorce
decree.  Jennifer offers no argument
explaining why the portion of the decree ordering the division of the stock is
ambiguous.  Our review of the agreed
divorce decree reveals no ambiguity. 
Thus, the trial court was without authority to enter the stock division
order.  See Pearcy, 884 S.W.2d at
514.  

 








                       3.  Judgment for Insurance and Mortgage Proceeds

John further complains that the trial
court erred in entering a judgment in favor of Jennifer for a portion of the
homeowner=s insurance proceeds and mortgage
overpayments when she did not plead for those proceeds.  We agree. 


John received a check in the amount of
$31,500 from the insurance company for flood damage to the house, and subsequently
used that money to pay the balance on the mortgage due on the property.  Having overpaid the mortgage, John received a
check from the mortgage company for the overpayment.  Jennifer did not plead for recovery of any
portion of the insurance or mortgage overpayment proceeds, but waited until the
hearing on her motion to clarify to request such relief.  The trial court awarded her a judgment for
55% of any insurance proceeds not used to pay off the mortgage and 55% of
whatever he received from the mortgage company for overpayment of the balance
of the mortgage.  

A default judgment must be supported by
the pleadings.  Stoner v. Thompson,
578 S.W.2d 679, 682 (Tex. 1979).  The
defendant must have fair notice of the plaintiff=s cause of action
and the relief sought.  Id. at
683; Lakeside Leasing Corp. v. Kirkwood Atrium Office Park Phase 3, 750
S.W.2d 847, 850 (Tex. App.CHouston [14th
Dist.] 1988, no writ).  Jennifer did not
plead for any portion of the insurance or mortgage proceeds in her motion  to clarify. 
Instead, she waited until the hearing on her motion to request such
relief.  Because there are no pleadings
to support a judgment awarding Jennifer 55% of the insurance and mortgage
overpayment proceeds, the trial court erred in entering such judgment.  See Stoner, 578 S.W.2d at 683 (holding
in default judgment case that where pleadings did not mention that plaintiff
had sustained money damages, defendant did not have fair notice that trial
court might award money damages against it); Lakeside Leasing Corp., 750
S.W.2d at 850 (holding in default judgment case that because plaintiff=s petition did not
provide defendants with notice of damages awarded, such award could not stand).








                                4.  Qualified Domestic Relations Orders

John further
asserts the April 4, 2002, QDROs substantively change the terms of the
September 6, 2000 QDROs, which constituted enforceable contracts.  Jennifer contends that there are no
substantive changes, but merely argues, without explanation, that the April 4,
2002 QDROs reflect the terms of the divorce decree.  The trial court has continuing jurisdiction
to enter orders necessary to amend or correct QDROs to ensure that they are
qualified and enforceable.  Dechon v.
Dechon, 909 S.W.2d 950, 961 n.9 (Tex. App.CEl Paso 1995, no
writ); see also Tex. Fam. Code
Ann. ' 9.101 (Vernon 1998) (providing that court
which rendered final decree of divorce dividing property retains continuing,
exclusive jurisdiction to render enforceable QDRO permitting payment of
pension, retirement plan, or other employee benefits to alternate payee).  However, we find nothing in the record to
indicate that amended QDROs were necessary, i.e., that the QDROs were
submitted to and rejected by the plan administrator.  See Tex.
Fam. Code Ann. ' 9.104 (Vernon 1998) (providing that if
plan administrator determines that domestic relations order does not satisfy
requirements of QDRO or similar order, court retains continuing, exclusive
jurisdiction over parties and their property to extent necessary to render
QDRO).  Moreover, after reviewing the
September 6, 2000 QDROs, we do not find that they fail to reflect the terms of
the divorce decree.  Thus, we find the
trial court erred in entering amended QDROs. 


                                              II. 
Attorney Fees

The trial court awarded Jennifer $1,686.47
in attorney fees.  The trial court may
award reasonable attorney fees in a proceeding to enforce or clarify a divorce
decree.  Tex. Fam. Code Ann. '9.014 (Vernon
1998).  It is within the trial court=s discretion to
award attorney fees.  McMann v. McMann,
942 S.W.2d 94, 96 (Tex. App.CHouston [1st Dist.]
1997, no writ).  However, because the
trial court had no authority to enter the order to clarify, it abused its
discretion in awarding Jennifer attorney fees. 


 








                                                  III. 
Sanctions

Jennifer alleges that John has brought
this appeal for the sole purpose of delay as evidenced by a pattern of conduct
since the entry of the divorce decree and seeks sanctions in accordance with
Rule 45 of the Texas Rules of Appellate Procedure for the filing of a frivolous
appeal, requesting that we award her costs of this appeal as well as any
sanctions we find appropriate.  See
Tex. R. App. P. 45.  Because the trial court (1) was without
authority to enter the clarifying order and the stock division order, (2) erred
in awarding Jennifer a judgment on the insurance and mortgage overpayment
proceeds, and (3) erred in entering the amended QDROs, we do not find that John=s appeal was
frivolous and brought without sufficient cause and merely for delay.  Jennifer=s request for
sanctions is denied. 

                                                IV. 
Conclusion

Accordingly, we reverse the award of
attorney fees and render judgment that Jennifer not recover on her claim for
attorney fees.  We also reverse the
clarifying order, stock division order, and amended QDROs and remand those
orders to the trial court with instructions to withdraw those orders.  Likewise, we order the trial court to reform
its judgment to eliminate the award to Jennifer of 55% of the insurance and
mortgage overpayment proceeds.  Thus, we
reverse and render, in part, and reverse and remand, in part.  

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

Judgment
rendered and Opinion filed March 30, 2004.

Panel
consists of Justices Yates, Hudson, and Fowler.











[1]  Section
9.008(b) of the Texas Family Code provides, in relevant part:

(b) On a
finding by the court that the original form of the division of property is not
specific enough to be enforceable by contempt, the court may render a
clarifying order setting forth specific terms to enforce compliance with the
original division of property.

Tex. Fam. Code
Ann. ' 9.008(b).