# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00017-CV

**Nancey E. Vanloh, Appellant**

**v.**

**Sidney W. Vanloh, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 154,659-A, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

This appeal arises from the district court's entry of a divorce decree and qualified domestic relations order (QDRO) in the divorce proceeding between Nancey E. Vanloh, appellant, and Sidney W. Vanloh, appellee. In four points of error, Nancey complains of the district court's failure to enter findings of fact and of the court's order clarifying the QDRO. We affirm the district court's judgment.

The parties were divorced June 3, 1996, and a QDRO was entered on July 15, 1998. Pursuant to the QDRO, Nancey was to receive "50% of SIDNEY W. VANLOH's gross monthly annuity under the Civil Service Retirement System as of June 3, 1996." When Sidney retired in June 2006, payments began pursuant to the QDRO, and Sidney filed his Motion for Clarification and Request for Issuance of Amended Qualified Domestic Relations Order. At a hearing on May 31, 2007, Sidney testified that, as of June 3, 1996, he would have been receiving

$3,365.00 per month in retirement benefits. Although half of $3,365.00 was $1,682.50, when payments began upon Sidney's retirement in 2006, Nancey was receiving $1,963.14 per month.[1] The district court granted Sidney's motion, modified the QDRO, and ordered Nancey to repay the excess retirement benefits she had received since payments began in June 2006—an amount of $3,648.32. The district court filed no findings of fact or conclusions of law.

In her first issue, Nancey argues that the district court erred by failing to enter findings of fact. Failure of the trial court to prepare and file findings of fact or conclusions of law under Rule 296 does not require a reversal of the trial court's judgment if the record before the appellate court affirmatively shows the complaining party suffered no injury. *Las Vegas Pecan & Cattle Co. v. Zavala County*, 682 S.W.2d 254, 256 (Tex. 1984); *see* Tex. R. Civ. P. 296. The general rule is that an appellant has been harmed if, under the circumstances of the case, he has to guess at the reason the trial court ruled against him. *Willms v. Americas Tire Co.*, 190 S.W.3d 796, 801 (Tex. App.—Dallas 2006, pet. denied). If there is only a single ground of recovery or a single defense, an appellant does not usually have to guess at the reasons for the trial court's ruling. *Id.* at 802.

Here, the sole issue before the district court was whether the wording of the QDRO should be clarified to allow for its proper administration based on the property division set out in the divorce decree. In issuing the order granting Sidney's motion for clarification, the district court set out the basis for its decision:

---

[1] The payment reflects Sidney's post-divorce salary adjustments.

> The Court finds that clarification is necessary to conform the language of the decree and prior Qualified Domestic Relations Order to the applicable federal regulations.

As the district court explained the basis for its decision in its order, Nancey did not have to guess at the reason the court ruled against her, and the court's failure to issue findings of fact caused Nancey no injury. *See Las Vegas Pecan & Cattle Co.*, 682 S.W.2d at 256; *Willms*, 190 S.W.3d at 801. Accordingly, we overrule Nancey's first issue.

In her second and third issues, Nancey contends that the trial court violated sections 9.007(a) and 9.1045 of the family code by clarifying the QDRO, adding that the amended QDRO is "incomplete and impossible to understand." Section 9.1045 provides:

> A court that renders a qualified domestic relations order retains continuing, exclusive jurisdiction to amend the order to correct the order or clarify the terms of the order to effectuate the division of property ordered by the court.

Tex. Fam. Code Ann. § 9.1045(a) (West 2006).

Nancey contends that the district court exceeded its statutory authority under section 9.1045(a) because its clarification of the QDRO changed the actual, substantive division of the property made in the divorce decree. Section 9.007(a) prohibits such modifications. Section 9.007(a) provides:

> A court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment. An order to enforce the division is limited to an order to assist in the implementation of or to clarify the prior order and may not alter or change the substantive division of property.

*Id.* § 9.007(a) (West 2006).

3

Contrary to Nancey's assertions, however, the clarification of the QDRO accurately reflects the property division as set out in the divorce decree and is consistent with the terms of the original QDRO.  The divorce decree awarded Nancey:

> One-half of Respondent's retirement benefits with civil service accrued during the parties' marriage as set out in the Qualified Domestic Relations Order attached hereto.

The original QDRO provided:

> NANCEY ELLEN VANLOH is entitled to 50% of SIDNEY W. VANLOH's gross monthly annuity under the Civil Service Retirement System as of June 3, 1996.

The modified QDRO provided:

> NANCEY ELLEN VANLOH is entitled to receive 50 percent of SIDNEY W. VANLOH's high-3 average salary as of June 3, 1996, which is the date of divorce.  The marriage began on December 19, 1965.  Any salary adjustments occurring after the date of divorce (June 3, 1996) but before SIDNEY W. VANLOH retired are not to be included in computing NANCEY ELLEN VANLOH's share.

Although the modified QDRO clarified the method of calculating Nancey's 50 percent share as a reflection of the property and earning capacity of the parties at the time of divorce—June 3, 1996—the QDRO made no changes to the actual, substantive division of the property made in the divorce decree.  Likewise, the modified QDRO is consistent with the terms of the original QDRO, which contemplates that the monthly annuity is to be calculated "as of June 3, 1996."  Accordingly, we overrule Nancey's second and third issues.

4

In her fourth issue, Nancey argues that the district court violated section 9.008(c) of the family code by entering judgment requiring Nancey to repay excess retirement benefits. *See id.* § 9.008(c) (West 2006). Section 9.008 prohibits a court from giving retroactive effect to a clarifying order. *Id.* Section 9.008(c), however, contemplates a situation in which one party has refused to comply with a court order and where a finding of contempt may be warranted. When read in context as part of section 9.008, which "deals with clarification in aid of contempt enforcement," section 9.008(c) prohibits a trial court from "giving retroactive effect to a clarifying order in such a way as to subject a party immediately to contempt," not from ordering payment or refund of past due or overpaid benefits consistent with the underlying divorce decree. *Zeolla v. Zeolla*, 15 S.W.3d 239, 242 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Here, as in *Zeolla*, the district court's order was consistent with the proper payment of obligations that had already accrued. *Id.* at 243. The clarifying order "attached no new legal consequences to prior events, nor did it impair vested rights." *See id.* We, therefore, conclude that the district court's order did not violate section 9.008(c). *See id.* Accordingly, we overrule Nancey's fourth issue.

Having overruled each of Nancey's four issues, we affirm the judgment of the district court.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Puryear and Waldrop

Affirmed

Filed:  August 28, 2008

5