

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00482-CV

Earl **SEABRON**,
Appellant

v.

Ayesha **SEABRON**,
Appellee

From the 78th District Court, Wichita County, Texas
Trial Court No. 134,732-B
Honorable W. Bernard Fudge, Judge Presiding

Opinion by: Rebeca C. Martinez, Justice

Sitting: Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebeca C. Martinez, Justice

Delivered and Filed: August 30, 2013

AFFIRMED AS MODIFIED IN PART; REVERSED AND REMANDED IN PART

In this post-decree divorce action, Earl Seabron challenges the trial court's clarification order and domestic relations order concerning military retirement benefits. We affirm as modified in part and reverse and remand in part.

### BACKGROUND

Earl Seabron and Ayesha Seabron were married in 1966 and divorced in 1990. At the time of the divorce, Earl was retired from the United States Air Force and was receiving military retirement. The divorce decree provided that Ayesha was to receive 42.95% of the "gross present

and future military retirement" received each month by Earl commencing on January 1, 1990. The divorce decree designated Earl as Ayesha's constructive trustee for the purpose of receiving the military retired pay. Additionally, the decree required Earl to deliver to Ayesha a copy of each Retired Pay Account Statement he received. A domestic relations order for military retirement was not entered. Neither party appealed the judgment. Earl paid Ayesha $425.77 directly from his military retired pay each month thereafter for almost twenty years.

On March 16, 2010, claiming that she never received an increase in the amount of the allotment received by her when Earl received cost of living increases, Ayesha filed a "Motion for Contempt; Motion for Clarification and Motion for Domestic Relations Order; Motion for Judgment and Enforcement of Petitioner's Military Retirement Award; and Petitioner's Request for Discovery to Respondent." Specifically, Ayesha sought: (1) that Earl be held in contempt and fined for failing to produce his Retired Pay Account Statements from December 1989 through the present; (2) a clarification order and domestic relations order providing for cost of living increases (to be paid directly to Ayesha by the Department of Finance and Accounting Service (DFAS)); (3) judgment and enforcement of her military retirement award; and (4) attorney's fees and costs.

In response, Earl pleaded the affirmative defenses of statute of limitations (asserted two-year limitations period applied); laches and estoppel; and payment, accord, and satisfaction. He also pleaded that Ayesha was improperly attempting to change the substantive property division ordered by the court in the final decree of divorce, and that he was entitled to an offset or a credit for having paid the federal taxes due on Ayesha's share of the military retired pay.

A bench trial was held in early 2012, at which Ayesha, Earl, and Pamela Greenroyd, a Certified Public Accountant, testified; Ayesha's attorney also testified as to the amount of reasonable attorney's fees. Following the bench trial, the trial court issued a letter to the parties in which it stated that it "finds that 4 years is the applicable limitation period" because Earl is

"designated a constructive trustee for the benefit of Ayesha Seabron with respect to the retirement benefits awarded to her" and because section 16.004(a)(5) of the Civil Practice and Remedies Code "establishes a 4 year limitations period for 'breach of a fiduciary duty.'" *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(5) (West 2002) (providing four-year limitations period for cause of action for breach of fiduciary duty). Thus, the trial court stated that it was granting Ayesha a money judgment for past due retirement benefits for the period of March 16, 2006 (4 years prior to the March 16, 2010 filing date of Ayesha's motion for contempt) to March 1, 2012 (the date of trial). The court stated that it was authorized by *Zeolla v. Zeolla*, 15 S.W.3d 239 (Tex. App.—Houston [14th Dist.] 2000, pet. denied), to make a retroactive order so long as the court considered any applicable statute of limitation. Thereafter, the trial court rendered its "Order on Motion for Contempt, Motion for Clarification and Motion for Domestic Relations Order, and Motion for Judgment and Enforcement of Petitioner's Military Retirement Award." The clarification order provided in pertinent part as follows:

> The fifth paragraph of page 23 of the Final Decree of Divorce rendered by the Court on April 18, 1990, stated:
>
> "IT IS ORDERED AND DECREED that AYESHA SEABRON shall have judgment against and recover from EARL CLIFTON SEABRON 42.95 percent of the gross present and future military retirement received each month commencing on January 1, 1990 by EARL CLIFTON SEABRON. Any election of benefits by EARL CLIFTON SEABRON shall not reduce the amount or percentage of the retirement awarded to AYESHA SEABRON."
>
> This paragraph is clarified to read as follows:
>
> "IT IS ORDERED AND DECREED that AYESHA SEABRON shall have judgment against and recover from EARL CLIFTON SEABRON 42.95 percent of his disposable, present military retirement and 42.95 percent of any future cost of living increases. Any such benefits, whether received monthly or otherwise, shall be paid in accordance with the provisions of this Decree. Any election of benefits by EARL CLIFTON SEABRON shall not reduce the amount or percentage of the retirement awarded to AYESHA SEABRON or the percentage of the cost of living increases awarded to AYESHA SEABRON."

The court further held that the language ordering Earl to deliver a copy of his Retired Pay Account Statement to Ayesha should be clarified to include Retired Pay Account Statements received by him "by mail, electronic mail, other electronic means, or by any means whatsoever . . . ."

The trial court did not hold Earl in contempt of court, but found that he had violated the provision of the final decree requiring him to deliver legible copies of his Retired Pay Account Statements to Ayesha. The court granted judgment for Ayesha against Earl in the amount of $22,552.98 for past due retirement benefits, to be paid over 7 years, and further ordered Earl to pay $6,074.65 in attorney's fees and expenses.

The trial court also rendered a Domestic Relations Order (DRO) in which Ayesha was awarded 42.95% of Earl's disposable military retired pay. DFAS was further ordered to directly pay Ayesha her allotted percentage of disposable retired pay, together with all cost-of-living adjustments applicable thereto, if, as, and when received by Earl.

## DISCUSSION

On appeal, Earl challenges the clarification order and DRO, chiefly arguing that the trial court: (1) had no jurisdiction to render a clarifying order; (2) substantively changed the property division; and (3) erroneously applied a four-year statute of limitations. Earl also challenges the award of attorney's fees and the trial court's findings of fact and conclusions of law.

### *Standard of Review*

We review a trial court's ruling on a motion for clarification and enforcement for an abuse of discretion. *See In re M.K.R.*, 216 S.W.3d 58, 61 (Tex. App.—Fort Worth 2007, no pet.) (reviewing trial court's ruling on child support arrearages and payment of attorney's fees under abuse-of-discretion standard); *In re Marriage of McDonald*, 118 S.W.3d 829, 832 (Tex. App.— Texarkana 2003, pet. denied) (reviewing trial court's clarifying order under abuse-of-discretion

standard); *In re T.J.L.*, 97 S.W.3d 257, 265 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (reviewing enforcement order under abuse-of-discretion standard). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id.*

### *Jurisdiction*

Earl argues that the provision of the 1990 divorce decree dividing "gross" military retirement pay is void based on the United States Supreme Court's decision in *Mansell v. Mansell*, 490 U.S. 581 (1989). He thus contends that in 1990 the trial court lacked jurisdiction to render a judgment dividing "gross" military retired pay pursuant to the Uniformed Services Former Spouses' Protection Act ("USFSPA") and its interpretation by the *Mansell* court. *See* 10 U.S.C.A. § 1408(c)(1). We construe these contentions as an argument that the final decree of divorce is void and therefore incapable of clarification.

In *Mansell v. Mansell*, the Supreme Court held that the USFSPA did not give state courts authority to treat total military retirement pay as community property, but rather, gave them the authority to treat disposable military retirement pay as community property. *Mansell*, 490 U.S. at 583. Accordingly, state courts have authority to divide only disposable military retired pay, not gross. *Mansell* was decided May 30, 1989 and the Seabrons' divorce decree was signed almost a year later on April 18, 1990. Therefore, in this case, the divorce decree improperly divided gross retired pay. *Mansell* does not, however, as Earl argues, render the 1990 decree void. Although the decree contained an erroneous property division pursuant to the USFSPA, and was thus voidable, it was not a void order because, at the time of the property division in 1990, the trial

court had jurisdiction of the subject matter and the parties. *See Hagen v. Hagen*, 282 S.W.3d 899, 907 (Tex. 2009) (citing *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003)); *Ex parte Kruse*, 911 S.W.2d 839, 841 (Tex. App.—Amarillo 1995, orig. proceeding [habeas corpus denied]); *see also Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (explaining difference between void and voidable judgments). Accordingly, the trial court had jurisdiction to entertain Ayesha's motion for clarification. We thus overrule Earl's jurisdictional complaint.

### *Clarification vs. Modification of the Divorce Decree*

Earl next argues that the change from "gross" to "disposable" military retirement pay violates the prohibition against changing the substantive property division and constituted an impermissible collateral attack on the final decree of divorce. *See* TEX. FAM. CODE ANN. § 9.007 (West 2006) (trial court may not modify the substantive division of property made in the final divorce decree).

A judgment finalizing a divorce and dividing marital property bars relitigation of the property division. *Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011). Seeking an order that alters or modifies a divorce decree's property division constitutes an impermissible collateral attack. TEX. FAM. CODE ANN. § 9.007(a), (b) (West 2006); *Hagen*, 282 S.W.3d at 902. A trial court does, however, retain continuing subject matter jurisdiction to clarify and to enforce the decree's property division. *See* TEX. FAM. CODE ANN. §§ 9.002, 9.008 (West 2006); *see also id.* § 9.006(a), (b) (West 2006) (providing that trial court has continuing jurisdiction to "render further orders to enforce the division of property made in the decree . . . to assist in the implementation of or to clarify the prior order"; and may "specify more precisely the manner of effecting the property division previously made if the substantive division of property is not altered or changed"); *In re W.L.W.*, 370 S.W.3d 799, 803 (Tex. App.—Fort Worth 2012, orig. proceeding [mand. denied]). The only basis for clarifying a prior decree is when a provision is ambiguous. *In re R.F.G.*, 282

S.W.3d 722, 725 (Tex. App.—Dallas 2009, no pet.); *Bina v. Bina*, 908 S.W.2d 595, 598 (Tex. App.—Fort Worth 1995, no writ). Whether a divorce decree is ambiguous is a question of law we review de novo. *Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003).

Ayesha maintains that because the USFSPA prohibits the award of anything but disposable retired pay, the language of the 1990 divorce decree awarding her a portion of "gross" military retirement was latently ambiguous, and that the trial court was therefore authorized to render a clarifying order. We agree with Ayesha that the 2012 order clarifies rather than alters the decree.

Although the award of "gross present and future military retirement" is unambiguous on its face, the fact that the USFSPA prohibits the division of anything but disposable retired pay renders the decree ambiguous and therefore incapable of enforcement. *See Zeolla v. Zeolla*, 15 S.W.3d 239, 242 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (latent ambiguity existed where husband retired at age 57, but decree was silent as to husband's obligations if he retired at any age other than 65; trial court was therefore authorized to enter a clarifying order); *see also Brown v. Brown*, 236 S.W.3d 343, 350 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding that award of "401(k) plan in the amount of $136,000" was subject to more than one reasonable interpretation and thus clarification was permitted). The clarification did not alter the essential proportional division of the military retirement benefits. If anything, the clarification benefited Earl because it reduced the amount of military retired pay awarded to Ayesha (42.95 percent of "disposable" retired pay is less than 42.95 percent of "gross" retired pay). In sum, the challenged order permissibly clarified the decree to correct an ambiguity so that the parties could comply with its terms. *See* TEX. FAM. CODE ANN. §§ 9.008(b), 9.006(a), (b). The trial court exercised its authority to clarify the ambiguity in order to give effect to the just and right allocation of the community estate that it originally intended. Thus, we hold that the trial court did not abuse its

discretion in rendering the clarification order and ordering that Ayesha recover "42.95 percent of [Earl's] disposable, present military retirement."

We additionally hold that the trial court did not abuse its discretion in clarifying the decree to award Ayesha 42.95 percent of any future cost of living increases or in ordering Earl to mail to Ayesha a copy of each Retired Pay Account Statement received by him "by mail, electronic mail, other electronic means, or by any means whatsoever" within five days from receipt by the United States Government. As stated above, a trial court retains continuing subject matter jurisdiction to clarify and to enforce the decree's property division. *See* TEX. FAM. CODE ANN. §§ 9.002, 9.006(a), 9.008(a). Earl does not complain about these provisions on appeal, and there is sufficient evidence that, at the time of divorce, the trial court intended for Ayesha to receive future cost of living increases.[1]

We therefore affirm the trial court's clarification of the division of Earl's military retired pay, including the required cost of living increases and the forwarding of Retired Pay Account Statements. Accordingly, we overrule Earl's collateral attack complaint.

***Statute of Limitations***

Earl next argues that the trial court deprived him of due process of law when it added a cause of action for breach of fiduciary duty after the close of evidence that was not pleaded or proved at trial, and that caused the rendition of an improper judgment because it resulted in the application of a four-year statute of limitations. Ayesha responds that *Preston v. Preston*, No. 04-03-00333-CV, 2004 WL 1835765, at *2 (Tex. App.—San Antonio Aug. 18, 2004, no pet.) (mem. op.), should control. In *Preston*, this court held that when the divorce decree designates the

---

[1] Earl testified that when the decree was rendered, it was his understanding that Ayesha would be entitled to cost of living increases ("COLAs"). Earl does not argue on appeal that Ayesha was not entitled to COLAs or that the trial court erred in awarding COLAs to her.

respondent as a constructive trustee for the petitioner for the purpose of receiving retired military pay, and the petitioner files a motion to enforce the retirement pay provisions in the divorce decree, the petitioner has brought a "breach of fiduciary duty action." We further held that the two-year statute of limitations provided by section 9.003(b) of the Family Code was inapplicable because suit was not brought to enforce a division of future property in that case; rather, the petitioner-wife had brought a breach of fiduciary duty claim to enforce the divorce decree. *Id.*; *See* TEX. FAM. CODE ANN. § 9.003(a) (West 2006) (two-year statute of limitations applies to proceedings for enforcement of divorce decree). Thus, we applied the four-year statute of limitations applicable to breach of fiduciary duty claims. *Preston*, 2004 WL 1835765, at \*2; TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(5) (West 2002).

In *Preston*, however, there was no indication that the breach of fiduciary duty claim was neither pleaded nor proved at trial, but rather added after the close of evidence. Here, Earl had no notice of the breach of fiduciary duty claim and corresponding four-year statute of limitations. Admittedly, Ayesha did not plead a breach of fiduciary duty claim. Instead, the trial court sua sponte included the claim in the clarification order for the purpose of applying a four-year statute of limitations. Texas Rule of Civil Procedure 301 requires the trial court's judgment to conform to the pleadings. TEX. R. CIV. P. 301. Additionally, due process requires that a litigant be given fair notice of the issues that will be decided in the litigation. *See Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983). Because Earl was not on notice that a breach of fiduciary duty claim would be pursued at trial, we conclude the trial court erred in recognizing the claim and in applying a four-year statute of limitations.

We note, however, that Ayesha benefitted from the four-year limitations period by a mere two months, because there was no evidence presented at trial regarding Earl's earnings for the years 2006 and 2007. Thus, Ayesha was awarded a judgment for the period of January 1, 2008 to

March 1, 2012, which amounts to a total of 26 months before filing suit as opposed to the two years or twenty-four months allowed by the statute of limitations. *See* TEX. FAM. CODE ANN. § 9.003. Accordingly, we reverse the portion of the judgment awarding Ayesha damages insofar as it awards her past military retirement pay prior to March 16, 2008. The case is remanded to the trial court for entry of a judgment which awards Ayesha her percentage of Earl's past military retirement pay with applicable cost of living increases limited to the period from March 16, 2008 to March 1, 2012.

### *Attorney's Fees*

Next, Earl argues that the award of attorney's fees was improper because judgment was rendered upon an unpleaded and unproved cause of action for breach of fiduciary duty and Ayesha failed to properly prove up the award for the time that legal assistants worked on the case. Chapter 9 of the Family Code pertains to post-decree proceedings, and subchapter A is titled "Suit to Enforce Decree." Section 9.014 provides that "[t]he court may award reasonable attorney's fees in a proceeding under this subchapter." TEX. FAM. CODE ANN. § 9.014 (West Supp. 2012). The decision to grant or deny attorney's fees under this statute is reviewed for an abuse of discretion. *Cook v. Cameron*, 733 S.W.2d 137, 141 (Tex. 1987); *Chavez v. Chavez*, 12 S.W.3d 563, 566 (Tex. App.—San Antonio 1999, no pet.) (applying abuse-of-discretion standard of review to award of attorney's fees under section 9.014 of the Family Code). Because this post-decree suit is governed by Chapter 9, we conclude the trial court had the authority to grant attorney's fees.

An award of attorney's fees may include a legal assistant's time to the extent that the work performed has traditionally been done by an attorney. *All Seasons Window & Door Mfg., Inc. v. Red Dot Corp.*, 181 S.W.3d 490, 504 (Tex. App.—Texarkana 2005, no pet.); *Gill Sav. Ass'n v. Int'l Supply Co.*, 759 S.W.2d 697, 702 (Tex. App.—Dallas 1988, writ denied). To recover attorney's fees for work performed by legal assistants, "the evidence must establish: (1) the

qualifications of the legal assistant to perform substantive legal work; (2) that the legal assistant performed substantive legal work under the direction and supervision of an attorney; (3) the nature of the legal work performed; (4) the legal assistant's hourly rate; and (5) the number of hours expended by the legal assistant." *Multi–Moto Corp. v. ITT Commercial Fin. Corp.*, 806 S.W.2d 560, 570 (Tex. App.—Dallas 1990, writ denied); *All Seasons Window*, 181 S.W.3d at 504.

Earl asserts that the award of attorney's fees was improper because Ayesha did not prove that the legal assistants performed "substantive legal work." We agree. At trial, Ayesha's attorney, Chad Petross, testified regarding the amount of reasonable attorney's fees. Billing records were admitted in support of his testimony, showing work that Petross, another of the firm's attorney, and two legal assistants did to prepare Ayesha's case. Petross did not, however, provide any testimony or evidence indicating that the work performed by his legal assistants was "substantive legal work." *See Jarvis v. K & E Re One, LLC*, 390 S.W.3d 631, 643-44 (Tex. App.—Dallas 2012, no pet.) (affirming award of attorney's fees that included work performed by legal assistant where there was testimony that legal assistant had twenty-six years' experience in the legal field as a legal secretary and a legal assistant, was certified as a professional legal secretary in 1991 and as a legal assistant in 2003; there was also testimony that the legal assistant's work related to substantive legal matter). We thus sustain Earl's complaint regarding the award of attorney's fees. Because the record contains no evidence concerning the legal assistants other than their hourly rate and number of hours expended, we modify the judgment to reduce the attorney's fees and expenses awarded to Ayesha by the sum of $1,010. As modified, we affirm the award of attorney's fees.

## CONCLUSION

Based on the foregoing, we reverse the portion of the trial court's judgment awarding Ayesha past military retired pay, and we remand the case to the trial court for the entry of a judgment which awards Ayesha her percentage of Earl's disposable military retirement and cost

of living increases for the period from March 16, 2008 to March 1, 2012.  We further modify the award of attorney's fees and reduce the award by $1,010 for work performed by legal assistants. In all other respects, the judgment of the trial court is affirmed.  Based on our disposition, we need not address Earl's complaints regarding the trial court's findings of fact and conclusions of law.

Rebeca C. Martinez, Justice