**Opinion issued May 14, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-13-01060-CV**

————————————

**LINDA J. STAFFORD, Appellant**

**V.**

**CHARLES RAY STAFFORD, Appellee**

On Appeal from the 309th District Court
Harris County, Texas
Trial Court Case No. 2000-13812

**MEMORANDUM OPINION**

Appellant Linda J. Stafford appeals the trial court's order granting Appellee

Charles Ray Stafford's motion to modify or clarify the couple's final divorce

decree. In one issue, Linda contends that the trial court abused its discretion in

ordering that Linda was not entitled to the benefit of Charles's post-divorce salary

adjustments in calculating her share of his federal employee retirement plan benefits. We conclude that the order improperly modified the divorce decree and therefore reverse and remand.

## Background

Linda and Charles married in 1980 and had one child. In 2000, Linda filed for divorce, and the trial court entered a Final Decree of Divorce on September 15, 2000. During the parties' marriage and after, Charles was employed by the federal government and participated in a plan under the United States Civil Service Retirement System providing retirement benefits.

Pursuant to the parties' agreement, the trial court awarded Linda 50 percent of Charles's federal employee retirement benefits. The decree states that its provisions concerning the retirement benefits are governed by the standard conventions in Part 838 of Title 5 of the Code of Federal Regulations. The relevant portions of the decree state:

Federal Employees' Retirement Benefits

The Court has considered the requirements and standard terminology provided in part 838 of Title 5, Code of Federal [R]egulations. The terminology used in the provisions of this order that concern benefits under the Federal Employees Retirement System are governed by the standard conventions established in that part.

Retirement Benefits

CHARLES R. STAFFORD will be eligible for retirement benefits under the Federal Employees Retirement System based on

2

employment with the United States Government. It is ORDERED that LINDA J. STAFFORD is entitled to fifty (50) percent of CHARLES R. STAFFORD'S gross monthly annuity under the Federal Employees [R]etirement System. It is further ORDERED that the United States Office of Personnel Management is directed to pay 50% of CHARLES R. STAFFORD'S share directly to LINDA J. STAFFORD. The United States Office of Personnel [M]anagement is directed not to pay CHARLES R. STAFFORD a refund of employee contributions.

Survivor Annuity

Under Section 8445 of Title 5, United States Code, LINDA J. STAFFORD is awarded a former spouse survivor annuity under the Federal Employee [R]etirement System. It is ORDERED that the amount of the former spouse survivor annuity will be equal to fifty (50) percent of CHARLES R. STAFFORD'S employee annuity. The United States Office of Personnel Management is directed not to pay CHARLES R. STAFFORD a refund of employee contributions.

Thirteen years later, in September 2013, Charles filed a motion "to Modify and/or Clarification of Divorce Decree." In his motion, Charles complained that the portion of the decree related to his federal employee retirement benefits was not "specific enough for the USPS Office of Personnel Management regarding the division of property and retirement language" and argued that the order awarded a "disproportionate share of benefits to [Linda] in contrast to the intent of the parties and the Court." He requested that the trial court "clarify" the order to "allow for retirement benefits to be distributed properly." Charles requested that the trial court limit Linda's share of his federal employee retirement benefits such that she would not benefit from his post-divorce salary increases.

3

Following a bench trial, the trial court made the following findings:

- The Court makes a finding that Linda Stafford is not entitled to retirement benefit(s) through Charles R. Stafford's employment after the date of divorce which is September 15, 2000.

- With the finding that Linda Stafford is not entitled to retirement benefit(s) through Charles R. Stafford's employment after the date of divorce, the Court requests that the parties submit the finding to the plan administrator for the FERS to recalculate the numerator and denominator for awarding Linda Stafford's portion of the retirement benefit(s).

- The Court also requests that the parties make inquiry as to the language the plan administrator needs to clarify the *Final Decree of Divorce*, in awarding the retirement benefit(s).

A month later, the trial court entered an order titled "Order on Motion to Modify or Clarification of Divorce Decree." The order stated that Linda "is entitled to an amount equal to 50% of CHARLES R. STAFFORD's 'gross' monthly annuity under the Federal Employee Retirement System which shall be computed effective September 15, 2000, as though CHARLES R. STAFFORD had separated from a position in the United States Government on such date. In computing such amount of LINDA J. STAFFORD's share of CHARLES R. STAFFORD's employee annuity, the United States Office of Personnel Management is hereby specifically instructed to limit the computation of CHARLES R. STAFFORD's employee annuity to only services performed from the date of marriage through September 15, 2000, and not to apply any salary adjustments occurring after September 15, 2000."

4

In her sole issue on appeal, Linda contends that the trial court abused its discretion in entering its 2013 order that "modified and/or clarified" the 2000 divorce decree because it contradicted "the plain language of the Final Decree of Divorce and Part 838 of Title 5 of the Code of Federal Regulations."

## A. Standard of Review and Applicable Law

An agreed final decree of divorce is a consent judgment and treated as a contract between the parties. *See McKnight v. Trogdon–McKnight*, 132 S.W.3d 126, 130–31 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *Zeolla v. Zeolla*, 15 S.W.3d 239, 242 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). After a trial court enters the decree, the court has continuing jurisdiction to issue orders "to assist in the implementation of or to clarify the prior order." TEX. FAM. CODE ANN. § 9.007(a) (West 2006). However, such an order may not "amend, modify, alter, or change the division of property made or approved in the decree of divorce." *Id.*; *see id.* § 9.007(b) (order that "amends, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce" is unenforceable).

An order clarifying the decree may be necessary if the decree is ambiguous so that the division of property is not specific enough to be enforceable by contempt. *See McKnight*, 132 S.W.3d at 130 (citing TEX. FAM. CODE ANN.

§ 9.008(b) (West 2006)). But, if the decree read as a whole is unambiguous as to the property's disposition, the trial court has no authority to enter an order altering or modifying the original distribution of property. *Shanks v. Treadway*, 110 S.W.3d 444, 449 (Tex. 2003). Rather, it must effectuate the order in light of the literal language used. *Id.* at 447.

Whether a decree is ambiguous is a question of law that we decide de novo. *Id.* We review a trial court's ruling on a post-divorce motion for clarification of the divorce decree for an abuse of discretion. *Gainous v. Gainous*, 219 S.W.3d 97, 103 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

## B.    Analysis

On appeal, Linda contends that the trial court's 2013 order impermissibly changed the divorce decree's division of property. In contrast, Charles contends that the trial court did not err in entering the 2013 order because the order merely clarified the decree. We agree with Linda.

We conclude that the divorce decree's division of Charles's federal employee retirement benefits was not ambiguous and therefore the trial court was without authority to modify the decree to provide that Linda's percentage of Charles's benefits should be calculated from the date of divorce. The decree states that "benefits under the Federal Employees Retirement System are governed by the standard conventions established in Part 838 of Title 5 of the Code of Federal

6

Regulations." Part 838 provides that a court order awarding a former spouse a percentage of an employee's retirement benefits entitles the former spouse to salary adjustments unless the decree directly and unambiguously states otherwise. *See* 5 C.F.R. § 838.622(b)(1) ("Unless the court order directly and unequivocally orders otherwise, a court order that awards a former spouse a portion of an employee annuity on a percentage basis . . . provides that the former spouse's share of the employee annuity will be adjusted to maintain the same percentage or fraction whenever the employee annuity changes as a result of salary adjustments occurring after the date of the decree and before the employee retires . . . ."). Even "a court order that contains a general instruction to calculate the former spouse's share effective at the time of divorce or separation entitles the former spouse to the benefit of salary adjustments occurring after the specified date to the same extent as the employee," unless "the court order directly and unequivocally orders otherwise" or awards a former spouse a specific dollar amount. *Id.* § 838.622(c)(1)(i). Nothing in the decree directly or unambiguously states that this default rule shall not apply. Therefore, the default rule articulated in Part 838 of the Code of Federal Regulations governs, and the decree entitled Linda to 50 percent of Charles's annuity, including 50 percent of the benefit of salary adjustments occurring after the date of the decree. *See id.* § 838.622(b)(1).

Contrary to the unambiguous terms of the decree, the 2013 order declared that Linda is not entitled to 50 percent of the benefit of post-divorce salary adjustments. We conclude that the effect of the 2013 order was not merely a clarification of the decree and that it substantially altered the decree's division of property. Accordingly, we hold that the trial court abused its discretion in entering the 2013 order. *See* TEX. FAM. CODE ANN. § 9.007(b) (order altering or changing the substantive division of property in final divorce decree is "beyond the power of the divorce court and is unenforceable"); *Shanks*, 110 S.W.3d at 449 (same); *Hernandez v. Hernandez*, No. 04-97-00025-CV, 1998 WL 466096, at *3–4 (Tex. App.—San Antonio Aug. 12, 1998, pet. denied) (opin., not designated for publication) (trial court abused its discretion in modifying decree to calculate former wife's percentage of retirement benefits from date of divorce because unambiguous decree did not limit her share of retirement benefits to value that accrued at time of divorce); *cf. Cox v. Carter*, 145 S.W.3d 361, 366 (Tex. App.— Dallas 2004, no pet.) (clarification order did not impermissibly modify property division where decree provided former wife's share of federal employee retirement benefits to be "calculated as of the date of divorce" because decree "unambiguously provides by its plain language that [former wife's] share is to be calculated as of the date of the divorce" where decree did not incorporate federal regulations).

We sustain Linda's sole issue.

## Conclusion

We reverse the judgment of the trial court and remand to the trial court for further proceedings consistent with this opinion.

Rebeca Huddle
Justice

Panel consists of Justices Jennings, Higley, and Huddle.