

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| LINDA SMITH, | § | No. 08-14-00317-CV |
| | § | |
| APPELLANT, | § | Appeal from the |
| | § | |
| V. | § | 388th District Court |
| | § | |
| JOHN BURT, | § | of El Paso County, Texas |
| | § | |
| APPELLEE. | § | (TC# 89-11455) |
| | § | |

**O P I N I O N**

Appellant, Linda Smith, is appealing from an order denying her petition to enforce and for clarification of the divorce decree. We reverse.

**FACTUAL SUMMARY**

Linda Smith, formerly known as Linda Burt, and Appellee, John Burt, divorced on October 31, 1990. The divorce decree provides that the "[t]he parties have consented to the terms of this decree and stipulated it is a contract." At the time of the divorce, Burt was a retired member of the U.S. Army, and he was receiving retirement pay in the amount of $783.00 per month. The decree provides that the community interest in the monthly retirement benefit is 80 percent, and cost-of-living-related increases are made to the retirement periodically and will likely occur in the

future.  The decree awarded Smith $391.00 of Burt's retirement benefit.[1]

The decree also addressed division of cost-of-living-allowances[2] (COLA), as follows:

> IT IS ORDERED AND DECREED THAT LINDA BURT shall have judgment against and recover from JOHN BURT, $391.00 of the gross present and future military retirement benefits received by JOHN BURT each month beginning October 31, 1990, together with 50% of any and all cost-of-living-related increases to which JOHN BURT shall become entitled for the period beginning October 31, 1990 and ending on the death of JOHN BURT.

In 2000, Smith filed a petition seeking clarification of the divorce decree and enforcement of her portion of the COLA.  An associate judge heard the motion and determined that Smith was entitled to clarification of the divorce decree, and further determined that she was entitled to the total amount of $774.02 as her portion of COLA benefits which had not been paid by Burt.  Linda appealed to the referring court.  On October 31, 2002, the referring court entered a letter ruling which adopted the associate judge's finding that Smith was entitled to clarification of the divorce decree.   The court also determined that Smith was entitled to 1/2 of 100 percent of the COLA benefits, but the court reversed the associate judge's recommendation regarding the amount Smith should be awarded.  The court signed an order on November 25, 2002 which clarified the divorce decree as follows:

> IT IS ORDERED THAT Linda Smith shall be entitled to $391.00 per month of the monthly disposable retired pay, plus 1/2 of 100% or 50% of any and all cost of living adjustments (COLA's) when received.

The order also awarded to Smith judgment in the amount of $7,628.00 for the past due COLA

---

[1] The total community interest in the retirement benefits is $626.40 (80 percent of $783).  The amount awarded to Smith, $391.00, is 62.42 percent of $626.40.

[2]  Cost-of-living-allowances for military retirement are governed by 10 U.S.C.A. § 1401a.  Effective December 1 of each year, the Secretary of Defense is required to increase the retired pay of each member and former member of the armed forced by the percent by which the price index for the base quarter of that year exceeds the base index.  10 U.S.C.A. § 1401a(b).

payments.[3]  Neither party appealed.

On May 13, 2008, Smith filed another petition seeking clarification of the November 26, 2002 order and enforcement of her right to a share of the COLA benefits.  She also moved to have Burt found in contempt of court because he had failed to pay the judgment for $7,628.00 awarded to her in the November 25, 2002 order and he had not paid her 50 percent of the COLA benefits beginning in January 2003 through April 2008.  On September 11, 2008, an associate judge heard the petition and entered an order in Smith's favor.  Burt did not appear at the hearing.  More than two years later, Burt filed a bill of review which the trial court granted.

At the hearing on Smith's petition for clarification and enforcement, the parties presented their opposing interpretations of the divorce decree and the November 25, 2002 clarification order.  Smith argued that she was entitled to 50 percent of the accumulated COLA because the purpose of a cost of living allowance is to adjust income upward from 1990 dollars to 2014 dollars.  Burt countered that because Smith was awarded a specific dollar amount ($391.00) rather than a percentage of the military retirement, she was not entitled to any COLA, or alternatively, her portion of the COLA must be calculated on a per annum basis.  Even though the trial court denied Smith's petition for enforcement and clarification of the prior order, the court granted affirmative relief in favor of Burt and accepted his interpretation of the divorce decree that Smith was not entitled to the accumulated COLA.  The court entered the following order:

> The Court finds that the parties stipulated that John Burt had actually paid to Linda Burt n/k/a Linda Smith $76,774.72 from November 1, 2002 through the date of trial.
>
> The Court further finds that:
>
> 1)  Some of the claims are barred by the statute of limitations, as detailed in the attached Exhibit RX1;

---

[3]  In calculating this amount, the court excluded those unpaid COLA benefits owed to Smith before January 1998 because the court found they were barred by the statute of limitations.

2) Linda Burt n/k/a Linda Smith was entitled to $53,958.00 ($391.00 per month) for her share of John Burt's retired pay through April 3, 2014, and $736.33 in COLA payments through April 3, 2014, for a total of $54,964.33, as detailed in the attached Exhibit RX1;

3) John Burt has overpaid $22,080.39 as of April 3, 2014. The Court finds these amounts are cumulative and include all amounts owed from the date of the decree through the date of trial, including all valid prior judgments.

Linda timely filed her notice of appeal.

## MISSING EXHIBIT

Burt argues that Smith is not entitled to any relief on appeal because the reporter's record does not include an exhibit introduced at the hearing on Smith's motion to clarify and enforce. The record of the hearing indicates that the parties each submitted to the court a spreadsheet setting forth what they believed to be the correct calculation of the COLA owed. The reporter's record does not include either document, but Burt's spreadsheet has been made part of the record because the trial court attached it to the order. Burt argues that Smith's appeal necessarily fails because she has not caused a copy of this exhibit to be made part of the appellate record. We disagree. The primary issue in the appeal is the interpretation of the divorce decree, the November 25, 2002 clarification order, and the order denying Smith's motion to clarify and enforce. The record includes these documents. Further, the spreadsheet submitted by Burt shows his base retirement pay for the pertinent years and the COLA amounts. Thus, Smith has presented a sufficient record to enable our review.

## CALCULATION OF COLA AMOUNTS

In her sole issue, Smith argues that the trial court erred in its calculation of the COLA amount owed to her.

- 4 -

*Standard of Review and Applicable Law*

The court that renders a divorce decree retains continuing subject-matter jurisdiction to enforce and clarify the decree's property division. TEX.FAM.CODE ANN. §§ 9.002, 9.006, 9.008 (West 2006 & Supp. 2016); *Gainous v. Gainous*, 219 S.W.3d 97, 106, 108 (Tex.App.--Houston [1st Dist.] 2006, pet. denied). Under Section 9.006(a), a court "may render further orders to enforce the division of property made or approved in the decree of divorce or annulment to assist in the implementation of or to clarify the prior order." TEX.FAM.CODE ANN. § 9.006(a). Section 9.008 of the Family Code authorizes a court to render a clarifying order in some circumstances. TEX.FAM.CODE ANN. § 9.008. If the court finds that the original form of the division of property is not specific enough to be enforceable by contempt, the court may render a clarifying order setting forth specific terms to enforce compliance with an original division of property. TEX.FAM.CODE ANN. § 9.008(b). The court may not, however, give retroactive effect to a clarifying order. TEX.FAM.CODE ANN. § 9.008(c). Further, a court is not authorized to enter an order that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce. *See* TEX.FAM.CODE ANN. § 9.007(b)(West 2006).

When reviewing a trial court's order on a motion for enforcement or clarification of a final decree of divorce, we apply an abuse of discretion standard. *Gainous*, 219 S.W.3d at 103; *In re Marriage of McDonald*, 118 S.W.3d 829, 832 (Tex.App.--Texarkana 2003, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004). An abuse of discretion also exists when a court fails to analyze or apply the law correctly. *See In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005)(orig. proceeding). We review the trial court's conclusions of law *de novo*. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d

- 5 -

789, 794 (Tex. 2002).

A reviewing court interprets the language of a divorce decree as we do other judgments of courts. *Hagen v. Hagen*, 282 S.W.3d 899, 901 (Tex. 2009). We construe the decree as a whole to harmonize and give effect to the entire decree. *Id.* If the decree is unambiguous, the appellate court must adhere to the literal language used. *Hagen*, 282 S.W.3d at 901. If the decree is ambiguous, it is interpreted by reviewing both the decree as a whole and the record. *Id.* The determination of whether a divorce decree is ambiguous is a question of law. *Id.* at 901-02.

*The Divorce Decree and November 25, 2002 Clarifying Order*

Smith asserts that she is entitled to her proportionate share of the accumulated COLA under the divorce decree and the November 25, 2002 clarification order. Burt, on the other hand, contends that Smith's interpretation of the divorce decree violates Section 9.007(b) of the Family Code because it amounts to a modification of the actual division of property. More specifically, he argues that it converts Smith's award from a fixed dollar amount to a percentage award.

We disagree with Burt's argument that Smith's interpretation of the divorce decree would convert the award from a fixed dollar amount to a percentage award because Smith's award is a combination of a fixed dollar amount plus a percentage of the cost-of-living-allowances. The question is how that percentage is determined. The divorce decree awarded Smith a fixed dollar amount plus a 50 percent interest of any and all cost-of-living-adjustments to which Burt becomes entitled beginning October 31, 1990 and ending on Burt's death. The divorce decree is not a model of clarity, but the plain language of the divorce decree states that Smith is entitled to 50 percent of *any and all* cost-of-living-related increases *to which Burt becomes entitled*. It is undisputed that Burt is entitled to his base retirement pay plus the accumulated amount of COLA adjustments he has received over the years since the divorce. Thus, Smith's share of the COLA is necessarily

based on the amount of accumulated COLA to which Burt is entitled.  Burt's argument that Smith is limited to receiving only the fixed amount of $391.00 plus the specific COLA awarded in any given year is a tortured reading of the divorce decree.

Our review is not restricted to an analysis of the divorce decree because the trial court entered a clarification order on November 25, 2002, which provided that:  "Linda Smith shall be entitled to $391.00 per month of the monthly disposable retired pay, plus 1/2 of 100% or 50% of any and all cost of living adjustments (COLA's) when received."  The order also stated that Smith is entitled to her proportionate share of the COLA and the court awarded Smith judgment in the amount of $7,628.00.  This award is based on the accumulated COLA.  When the November 25, 2002 order is read as a whole, it is apparent that the court interpreted the divorce decree as awarding Smith an interest in the accumulated COLA.  Unfortunately, the order's language which focuses on Burt's receipt of the COLA, as opposed to focusing on the COLA to which he is entitled, has led to confusion.  The trial court abused its discretion by denying Smith's motion to clarify the November 25, 2002 order and by determining that Smith is not entitled to her proportionate share of the accumulated COLA to which Burt is entitled.

Smith also challenges the trial court's denial of her motion to enforce and its calculation of the amount of COLA to which she is entitled.  Because the trial court incorrectly concluded that Smith was not entitled to her proportionate share of the COLA, the court also denied Smith's request to hold Burt in contempt for failing to pay the judgment of $7,628.00 awarded in the November 25, 2002 order.  For these reasons, we sustain the sole issue presented on appeal and reverse the trial court's order denying Smith's motion to clarify and enforce, including the portion of the order which determined that Burt has overpaid Smith in the amount of $22,080.39 as of April 3, 2014.  We render judgment clarifying the divorce decree as follows:

IT IS ORDERED that Linda Burt n/k/a Linda Smith shall have judgment against and recover from John Burt, $391.00 of the gross present and future military retirement benefits received by John Burt each month beginning October 31, 1990, together with 50% of any and all cost-of-living-related increases to which John Burt shall become entitled for the period beginning October 31, 1990 and ending on the death of John Burt. Linda Burt n/k/a Linda Smith is entitled to receive 50% of the accumulated cost-of-living-allowances to which John Burt becomes entitled to receive beginning October 31, 1990 and ending on the death of John Burt.

We do not have sufficient information to calculate the exact amount which Burt may owe to Smith through the current date, and it is possible the trial court may need to conduct further proceedings to address Smith's motion to enforce and the issue of attorney's fees. Accordingly, we remand the cause to the trial court for further proceedings consistent with this opinion, including the entry of an order on Smith's motion to enforce.

April 28, 2017

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J., Not Participating