COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| KAREN L. BURNETT, | § | |
| | | No. 08-15-00339-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 383rd District Court |
| THOMAS R. BURNETT, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 95-13356) |
| | § | |

## O P I N I O N

This is an appeal from a judgment on counterpetitions to enforce the property division in the parties' divorce decree. Karen L. Burnett ("Wife") filed a petition alleging that Thomas R. Burnett ("Husband") failed to pay her the full amount of the military retirement to which she was entitled under the divorce decree. Husband counterclaimed that he had overpaid Wife and, in addition, she owed him 40 percent of the monthly premiums for the Armed Services Survivor Benefit Plan ("SBP"). The trial court agreed with Husband and ordered that Wife pay Husband $2,617.57 "for overpayments received by Petitioner and for her failure to fully reimburse Respondent the obligatory 40% of Survivor Benefit Premiums." We reverse and render, in part, and remand, in part.

### BACKGROUND

The Burnetts married in 1976. They divorced in 1998, by which time Husband had retired from the military. A jury recommended that Husband be awarded 40 percent of his military retirement and that Wife be awarded the remaining 60 percent. The divorce decree incorporates this recommendation by the following award to Wife:

> All right, title and interest in and to SEVEN HUNDRED FIFTY FOUR AND 80/100 DOLLARS ($754.80) per month, of the United States Army disposable retired pay to be paid as a result of THOMAS REFINE BURNETT's service in the United States Army, and sixty percent (60%) of all increases in the United States Army disposable retired pay due to cost of living or other reasons, if, as, and when received.

This provision will be referred to as the "Retirement Award."

In related provisions, the decree orders Husband to designate Wife as a beneficiary under the SBP, orders Wife to pay to Husband 40 percent of the cost of that SBP, and directs that this cost will offset the amount of the Retirement Award paid to Wife. For approximately fourteen years, Husband determined the amount he owed Wife under the Retirement Award by taking his gross pay, deducting a sum for VA waiver, calculating 60 percent of the resulting figure, deducting from that figure $754.80 paid directly to Wife by the Army, and then deducting the 40 percent SBP premium Wife was ordered to pay. By this method, Husband paid Wife 60 percent of all cost of living increases ("COLAs") he received on a cumulative basis. But after receiving a letter from Wife in February 2012 stating that he had underpaid her, Husband sought the advice of new counsel, who informed him that he was calculating his payments wrong. After that point, Husband paid Wife 60 percent of COLAs only in the year they were first received rather than cumulatively, as he had previously.[1]

---

[1] The difference between the two methods of calculation is illustrated by the following hypothetical: Husband receives a $10 monthly COLA in year one. He pays Wife $6 of that COLA. Husband receives another $10 COLA in year two. Under the cumulative method, in year two, Wife is entitled to $6 attributable to the year one COLA (because Husband continues to receive the additional $10) as well as $6 of the year two COLA. This is the method Wife advocates. Under Husband's method, Wife is entitled to

In June 2012, Wife filed a petition seeking to enforce the Retirement Award and alleging that Husband had underpaid her under that award. Husband filed a counterpetition asserting that he had actually overpaid Wife under the Retirement Award and that she had failed to pay him for the SBP premiums.

The issues were tried to the bench. Wife testified that Husband owes her $7,335.40 in "back pay." She also testified that she had paid Husband $138.43 per month for SBP premiums according to a prior court ruling. Adding those payments to the back pay arrears, Wife concluded that Husband owes her $9,133.77. Husband did not offer any evidence of the amount of SBP premiums he alleges Wife owes, or the amount of any overpayments he alleges he made to her.

The court entered findings of fact and conclusions of law construing the Retirement Award, as a matter of law, as encompassing two separate and distinct components: (1) a flat sum of $754.80, being Wife's share of Husband's disposable retired pay; and (2) 60 percent of any COLA received by Husband, but only in the year in which it was first received. The logic appears to be that, after the year in which it is first received, a COLA is incorporated into Husband's disposable retired pay, and Wife's entitlement to any portion of that pay is limited to $754.80.

Based on its findings of fact and conclusions of law, the court entered judgment awarding Husband $2,617.57 as compensation for both his overpayment under the Retirement Award and Wife's underpayment of SBP premiums. The court's findings do not reveal how it arrived at the sum of $2,617.57, or what portion of that figure is attributable to Retirement Award overpayments and what portion is attributable to SBP premium underpayments.

**ISSUES**

---

$6 of the year one COLA only in year one, and $6 of the year two COLA only in year two, despite the fact that Husband continues to receive each $10 COLA in all subsequent years.

3

The primary issue in this appeal is whether the trial court improperly modified the property division contained in the divorce decree by erroneously interpreting the Retirement Award. Wife contends that the correct interpretation requires Husband to pay 60 percent of increases in his disposable retired pay cumulatively. Husband contends that the trial court correctly construed the Retirement Award to require payment of 60 percent of increases only in the year in which the increase is first paid.

Wife also asserts as a secondary issue that the evidence is legally and factually insufficient to support the trial court's finding that she has not fulfilled her obligation to pay SBP premiums. Husband does not directly address the sufficiency of the evidence, but indicates that the issue of Wife's payment of SBP premiums should be remanded because the SBP premiums "likely changed annually" and it is "likely" that Wife has not fulfilled her obligation to pay.

## STANDARD OF REVIEW

An order on a motion to enforce or clarify a final decree of divorce is reviewed for abuse of discretion. *Smith v. Burt*, 528 S.W.3d 144, 148 (Tex.App.—El Paso 2017, no pet.). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Id.,* (citing *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004)).

A trial court's conclusions of law are reviewed *de novo*. *Id.* Failure to analyze or apply the law correctly constitutes an abuse of discretion. *Id.,* (citing *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005)(orig. proceeding)).

A court's findings of fact are generally reviewable for legal and factual sufficiency under the same standards as apply to jury answers. *Armstrong v. Armstrong*, 570 S.W.3d 783, 788 (Tex.App.—El Paso 2018, pet. denied). But when sufficiency review overlaps the abuse of

4

discretion standard, the reviewing court applies a two-pronged inquiry: "(1) Did the trial court have sufficient information upon which to exercise its discretion; and (2) Did the trial court err in its application of discretion?" *Giron v. Gonzalez*, 247 S.W.3d 302, 306 (Tex.App.—El Paso 2007, no pet.). The first question implicates traditional legal sufficiency review. *Id.* Under that standard, "[a] legal sufficiency challenge may only be sustained when: (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact." *Giron*, 247 S.W.3d at 306, (citing *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999)).

The second question requires a determination of "whether, based on the elicited evidence, the trial court made a reasonable decision." *Id.* at 306. In other words, the court must determine whether the trial court's decision was arbitrary or unreasonable. *Id.*

## DISCUSSION

### *Wife's entitlement to increases in Husband's disposable retired pay*

A divorce decree, like any other judgment, is interpreted as a whole to harmonize and give effect to the entire decree. *Hagen v. Hagen*, 282 S.W.3d 899, 901 (Tex. 2009). An unambiguous decree is construed according to its language, while an ambiguous decree is construed in light of both the language of the decree and the record. *Id.* Whether a decree is ambiguous is a question of law for the court. *Id*. at 901–02.

Whether Wife is entitled to 60 percent of the increase in Husband's disposable retired pay cumulatively, or only in the year in which such an increase is first received, is governed by our

5

prior opinion in *Smith v. Burt*. The divorce decree in that case contained the following award to the wife, Smith:

> $391.00 of the gross present and future military retirement benefits received by JOHN BURT each month beginning October 31, 1990, together with 50% of any and all cost-of-living-related increases to which JOHN BURT shall become entitled for the period beginning October 31, 1990 and ending on the death of JOHN BURT.

*Smith*, 528 S.W.3d at 146.

Smith argued that she was entitled to her proportionate share of the accumulated COLAs. Burt argued that her portion of any COLA must be calculated on an annual basis. *Id.* at 146-47, 148. Burt further argued that awarding Smith accumulated COLAs would impermissibly transform the award contained in the divorce decree from a fixed dollar amount to a percentage. *Id.* at 148. This Court resolved the issue in Smith's favor:

> We disagree with Burt's argument that Smith's interpretation of the divorce decree would convert the award from a fixed dollar amount to a percentage award because Smith's award is a combination of a fixed dollar amount plus a percentage of the cost-of-living-allowances. The question is how that percentage is determined. The divorce decree awarded Smith a fixed dollar amount plus a 50 percent interest of any and all cost-of-living-adjustments to which Burt becomes entitled beginning October 31, 1990 and ending on Burt's death. The divorce decree is not a model of clarity, but the plain language of the divorce decree states that Smith is entitled to 50 percent of *any and all* cost-of-living-related increases *to which Burt becomes entitled*. It is undisputed that Burt is entitled to his base retirement pay plus the accumulated amount of COLA adjustments he has received over the years since the divorce. Thus, Smith's share of the COLA is necessarily based on the amount of accumulated COLA to which Burt is entitled. Burt's argument that Smith is limited to receiving only the fixed amount of $391.00 plus the specific COLA awarded in any given year is a tortured reading of the divorce decree. [Emphasis in original].

*Id.* at 148.

Husband's interpretation of the award to Wife in this case, like Burt's interpretation in *Smith*, "is a tortured reading of the divorce decree." *Id.* The decree unambiguously awards to Wife both a fixed dollar amount and a 60 percent interest in "*all* increases in the United States Army disposable retired pay due to cost of living or other reasons, if, as, and when received." We

6

recognize that the decree in this case uses the language, "if, as, and when received," whereas the decree in *Smith* used the language, "to which Burt is entitled." That difference in language does not, however, dictate a different result.

First, the Supreme Court has determined that the phrase, "if, as, and when received" simply "reflects the contingent nature of the community's interest in the retirement benefits." *Shanks v. Treadway*, 110 S.W.3d 444, 449 n.7 (Tex. 2003). Its significance here is that Wife is entitled to a percentage of only those increases that Husband actually receives. Stated another way, once Husband receives an increase, Wife is entitled to her share. There is no dispute in this case that Husband has received the COLAs at issue cumulatively, not only in the year in which they were first granted.

Our analysis in *Smith* also supports reaching the same result in this case. We decided that Smith's share of COLA was "necessarily based on the amount of accumulated COLA" because Burt was "entitled to his base retirement pay plus the accumulated amount of COLA adjustments." *Smith,* 528 S.W.3d at 148. Likewise, Wife's share in this case is necessarily based on the amount of accumulated COLA because Husband receives his base retirement pay plus the accumulated amount of COLA adjustments. We conclude that the trial court abused its discretion by failing to properly apply the law to the Retirement Award.

A trial court has no authority, when considering a motion to enforce or clarify a divorce decree, "to enter an order that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce." *Smith,* 528 S.W.3d at 147-48 (citing TEX.FAM.CODE ANN. § 9.007(b)). The order in this case impermissibly "amends, modifies, alters, or changes the actual, substantive division of property" in the parties' divorce decree by depriving Wife of a portion of the increases to Husband's disposable retired pay to which she is entitled.

7

The court's error in interpretation also resulted in an erroneous money judgment against Wife. The court found that Husband had overpaid Wife based on its conclusion that Wife was entitled to a share of COLAs only in the first year in which they were received. It is undisputed that, since September 2012, Husband has not paid Wife 60 percent of COLAs cumulatively, as the Retirement Award requires. The record thus establishes not only that Husband has not overpaid Wife, but that he has underpaid her. The trial court abused its discretion by granting Husband relief on his claim for reimbursement of Retirement Award payments and by denying Wife's claim to recover amounts owed but not paid under that award.

Wife's first issue is sustained. We render judgment clarifying the divorce decree as follows:

> IT IS ORDERED that KAREN L. BURNETT is awarded all right, title and interest in and to SEVEN HUNDRED FIFTY FOUR AND 80/100 DOLLARS ($754.80) per month, of the United States Army disposable retired pay to be paid as a result of THOMAS REFINE BURNETT's service in the United States Army, and sixty percent (60%) of all increases in the United States Army disposable retired pay due to cost of living or other reasons, if, as, and when received. KAREN L. BURNETT is entitled to receive 60 percent of all accumulated increases in the United States Army disposable retired pay due to cost of living or other reasons received by THOMAS REFINE BURNETT.

The judgment of the trial court granting Husband relief on his claim for Retirement Award overpayments is reversed and judgment is rendered that he take nothing on that claim. While the record contains evidence concerning the amount Wife alleges Husband has underpaid her pursuant to a correct interpretation of the Retirement Award, we cannot conclude that that evidence is conclusive. We therefore remand Wife's claim for Retirement Award underpayments to the trial court for further proceedings to determine the amount of those underpayments by employing the clarification stated above.

*Underpayment of SBP premiums*

8

In her second issue, Wife challenges the sufficiency of the evidence to support the trial court's finding that she failed to pay all SBP premiums owed to Husband. Resolving this issue requires determining whether the trial court had "sufficient information upon which to exercise its discretion" on the issue of SBP underpayments. *See Giron*, 247 S.W.3d at 306. We conclude it did not.

To prevail on his claim for enforcement of Wife's 40 percent premium obligation, and to receive a monetary award for failure to comply with that obligation, Husband was required to produce evidence (1) showing that Wife did not, in fact, comply with that obligation, and (2) establishing the amount of underpayment. But the only evidence on the subject is that Wife has, "all along from day one," deducted her 40 percent premium obligation from the amount Husband owed her, and has additionally paid Husband $138.43 every month since 2013.

The record does not contain any evidence identifying any missed SBP premium payment or the amount of any such payment. There is a complete absence of evidence of facts necessary to establish Husband's right to relief. Because the evidence is legally insufficient to support a finding that Wife failed to make any required SBP premium payment, the trial court abused its discretion by finding that Wife failed to fully reimburse Husband for SBP premiums and by awarding Husband any sum as reimbursement for those premiums.

Wife's second issue is sustained. The judgment granting Husband relief on his claim for SBP premium payments is reversed and judgment is rendered that Husband take nothing on that claim.

## CONCLUSION

The trial court abused its discretion by (1) misconstruing the Retirement Award contained in the parties' divorce decree, (2) awarding Husband recovery for overpayments to Wife, based on

that misconstruction, and (3) awarding Husband recovery for unpaid SBP premiums in the absence of any evidence of the existence or amount of any such unpaid premiums. The judgment of the trial court is reversed in its entirety. The divorce decree is clarified as stated above; judgment is rendered that Husband take nothing on his claims; and Wife's claim for underpayments of the amounts due under the Retirement Award is remanded to the trial court for further proceedings.

June 5, 2019

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J., Not Participating