COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



BARRY WATRET, §

Appellant, §

v. §

TERESITA WATRET, §

Appellee. §

§

No. 08-20-00124-CV

Appeal from the

388th Judicial District Court

of El Paso County, Texas

(TC# 2012DCM04038)

## **O P I N I O N**

This appeal concerns a motion to clarify a decree of divorce between Appellant Barry Watret and Appellee Teresita Watret. In two issues, Appellant asserts the trial court lacked jurisdiction to clarify the division of his Air Force retirement benefits because the terms in the decree were unambiguous, and the statute of limitations barred Appellee from seeking such clarification. Finding no error, we affirm.

### I.  BACKGROUND

On August 27, 2012, Appellant and Appellee appeared before the trial court in person and through their respective attorneys of record to enter an agreed final divorce judgment.[1] On

---

[1] In briefing, both parties refer to the August 27 proceeding as an "Agreed Final Divorce Judgment."

November 5, 2012, the trial court signed the Final Decree of Divorce (the Decree), which contained signatures from counsel for both parties indicating their approval as to form. Neither party signed the document. The Decree provided for a division of the marital estate, and further indicated the trial court found such division was just and right.

In general, the Decree addressed a division of all household furniture and furnishings, personal belongings, vehicles, life insurance policies, and benefits or rights related to Appellant's employment with the Texas Department of Corrections and his service in the United States Air Force. The Decree also contained a division of debts as between the parties and provided for treatment of federal income taxes and liabilities, if any. It also included an award of court-ordered maintenance to Appellee which required Appellant to pay the sum of eight hundred dollars per month from September 1, 2012 to August 1, 2016, subject to earlier termination if one of several defined events occurred. Finally, the Decree also included a clarifying order describing that the court expressly reserved the right to make orders necessary to clarify and enforce the decree without affecting its finality.

Relevant to the contested issues of this appeal, the Decree specifically provided for the following division of employment and retirement benefits:

<u>Property to Husband</u>

. . .

H-3: All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the husband's past, present, or future employment, including but not limited to:

    a. Texas Dept. of Corrections

2

H-4: All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to or as a result of Barry Watret's service in the United States Airforce [sic], including any accrued unpaid bonuses, disability plan or benefits, Thrift Savings Plan, or other benefits existing by reason of or as a result of Barry Watret's past, present, or future employment, except that portion of Barry Watret's U.S. military retirement that has been awarded in this decree to Teresita Watret as more particularly specified in the domestic relations order signed coincident with this decree and incorporated verbatim in it by reference.

. . .

Property to Wife

. . .

W-3: All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to or as a result of Barry Watret's service in the United States Airforce [sic], including any accrued unpaid bonuses, disability plan or benefits, Thrift Savings Plan, or other benefits existing by reason of or as a result of Barry Watret's past, present, or future employment, except that portion of Barry Watret's U.S. military retirement that has been awarded in this decree to Barry Watret as more particularly specified in the domestic relations order signed coincident with this decree and incorporated verbatim in it by reference.

Despite the inclusion of a reference, in provisions H-4 and W-3, to a domestic relations order being signed coincident with the decree, no such order was entered with the Decree.

In October 2016, Appellee filed a petition for enforcement of property division by contempt. Appellee alleged Appellant failed to pay her the portion of monthly retirement benefits awarded to her by the Decree.

Initially, Appellant responded by filing a pro se answer generally denying all allegations of the contempt petition. Represented by counsel, Appellant later filed a first supplemental answer and special exceptions. Appellant's supplemental answer asserted the military benefits were either

3

awarded 100 percent to him or were not divided at all at the time of the parties' divorce. He also asserted Appellee's contempt requests were subject to the statute of limitations and could not be clarified or enforced.

Appellee then filed a first amended motion to clarify property division in which she requested that, if the court found that any part of the order sought to be enforced was not specific enough to be enforced by contempt, the court enter a clarifying order more clearly specifying the duties imposed on Appellant and giving Appellant a reasonable time in which to comply. Specifically, Appellee requested the court clarify the order to include date of service in the armed forces, the date of marriage and the date of divorce. Moreover, Appellee requested the court sign a Military QDRO.

At the hearing on Appellee's motion to clarify, the trial court heard no testimony; instead, counsel for both parties presented argument. Appellee requested a clarification of the Decree to show that the parties were married for nine years and to provide for Appellant's dates of service in months and years. The additional information, counsel indicated, was needed so that a proper QDRO could be prepared for the case. Counsel then conceded that he did not believe that Appellee would be entitled to an enforcement at that time.

Countering, Appellant argued the Decree could not be clarified. Rather, Appellant argued that the Decree not only did not give Appellee a portion of his military retirement benefits, but it also failed to accomplish any division *at all* of that property. Appellant argued the Decree provided mirrored provisions awarding the property to one party that was not awarded to the other, and vice versa. Yet, in effect, nothing was accomplished nor divided. Appellant further argued the time to divide the property had already passed.

4

Following argument, the trial court orally pronounced that "[t]he findings and recommendations in the case that were entered by Judge Macias, everybody agreed, Judge Macias signed it indicating that the wife was awarded one half of the community interest in nine years of Air Force retirement. So that was clearly the party's [sic] intent when they did this." Because the Decree "erroneously awarded each of them 100 percent of the retirement benefits," the trial court concluded there was "a scrivener's error." It then found the Decree was not enforceable in contempt "because it awards 100 percent to both of them."

In a handwritten order on clarification, the trial court granted Appellee's motion to clarify the Decree to reflect the parties' intent to divide the retirement as per "the Findings and Recommendations Form." Additionally, the trial court ordered Appellant to provide all necessary information to prepare a QDRO for military retirement.

On March 11, 2020, the trial court entered a Clarified Final Decree of Divorce in which the division of the retirement award was clarified in mirrored provisions identified as H-4 and W-3, to reflect Appellant was awarded all sums existing as a result of his past or present service with the United States Air Force except that portion of such sums awarded to Appellee, "being 50% of the 9 years of service (108 months), and more particularly specified in the domestic relations order signed coincident with this clarified decree and incorporated verbatim in it by reference." The trial court also entered a Domestic Relations Order (Military Retirement), which included findings indicating that Appellant and Appellee were originally married on April 6, 1990, and that marriage lasted for about twenty-two years, during which time Appellant served for nine years or more of creditable service toward retirement. The Domestic Relations Order awarded to Appellee 50 percent of Appellant's disposable military retired pay, which was to be computed by multiplying

5

50 percent times a fraction, the numerator of which is 108 months of marriage during the Appellant's creditable military service, divided by Appellant's total number of months of creditable military service which is 240 months.

This appeal followed.

## II. DISCUSSION

In two issues, Appellant questions (1) whether the trial court acted beyond the authority of Chapter 9 of the Texas Family Code in its clarification of the division of property, and (2) whether the statute of limitations contained in Section 9.003(b) of the Texas Family Code precluded Appellee's requested relief.

### A. Standard of Review

A trial court's ruling on a motion for enforcement or clarification of a divorce decree is reviewed under an abuse of discretion standard. *Smith v. Burt*, 528 S.W.3d 144, 148 (Tex. App.—El Paso 2017, no pet.); *In re Marriage of McDonald*, 118 S.W.3d 829, 832 (Tex. App.—Texarkana 2003, pet. denied). A trial court abuses its discretion when it acts unreasonably, arbitrarily, or without reference to any guiding rules or principles or when it erroneously exercises its power by making a choice outside range of choices permitted by law. *Smith*, 528 S.W.3d at 148; *In re Marriage of McDonald*, 118 S.W.3d at 832.

### B. Applicable law

A court rendering the final divorce decree retains the subject-matter jurisdiction to enforce the property division and render further orders to clarify the order or assist in implementation of the order. TEX. FAM. CODE ANN. §§ 9.002, .006, .008; *Marshall v. Priess*, 99 S.W.3d 150, 156 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *Murray v. Murray*, 276 S.W.3d 138, 144 (Tex.

6

App.—Fort Worth 2008, pet. dism'd). It is beyond the power of the trial court to amend, modify, alter, or change the substantive division of property in the decree after its plenary power expires and such will be unenforceable. TEX. FAM. CODE ANN. § 9.007. A trial court may not make substantive changes in a divorce decree after it becomes final, even if there is substantive legal error, as res judicata applies to the property division in a final divorce decree. *Shanks v. Treadway*, 110 S.W.3d 444, 449 (Tex. 2003). Nonetheless, a subsequent order may clarify a divorce decree to correct an ambiguity so that the parties can then comply with its terms. TEX. FAM. CODE ANN. § 9.008; *Murray*, 276 S.W.3d at 144. We determine whether a subsequent order clarifies or modifies a decree based not on what the trial court should have done but what the trial court actually did. *Shanks*, 110 S.W.3d at 447.

An agreement between the parties as to property division is treated as a contract and we construe it as a whole to harmonize and give effect to the entire decree. *Shanks*, 110 S.W.3d at 447; *Murray*, 276 S.W.3d at 144. If the divorce decree's terms are unambiguous, we must effectuate the order according to the actual language used. *Shanks*, 110 S.W.3d at 447. However, if the terms are ambiguous, subject to more than one reasonable interpretation, we review the record along with the decree to assist in interpreting the judgment. *Id*. Whether terms in a divorce decree are ambiguous is a question of law which we review *de novo*. *Id*. The parties' intentions are a question of fact and are determined by reviewing language of the decree as a whole. *Guerrero v. Guerra*, 165 S.W.3d 778, 783 (Tex. App.—San Antonio 2005, no pet.).

## C. Analysis

### 1. Clarifying Order

In his first issue, Appellant argues the Decree unambiguously awarded to him 100 percent

of his retirement benefits and the trial court could only give effect to the literal meaning of mirror provisions as to the Air Force retirement benefits. Appellee asserts the Decree never stated percentages as to either party but instead listed both parties as retaining an interest in the retirement. Appellee contends the detailed provision addressing both husband and wife indicated it was the parties' intent to award some portion of the military retirement to wife.

As a threshold issue, we first consider whether the terms in the Decree's division of military retirement benefits was subject to more than one meaning making the provision ambiguous. Here, the Decree states Appellant was awarded "[a]ll sums" relating to the United States Air Force retirement benefits "except that portion . . . awarded in this decree to Teresita Watret . . . ." The decree then states Appellee was awarded "[a]ll sums" relating to the United States Air Force retirement benefits "except that portion . . . awarded in this decree to Barry Watret . . . ." Additionally, the decree states the particular terms of the retirement award would be specified in the domestic relations order.

Here, the language for both parties is identical stating one party will receive what the other does not. This shows both parties retained an interest in the retirement and due to missing details, specifically a percentage, the language is subject to more than one reasonable interpretation on what interest each party has in the retirement, making it ambiguous. *Shanks*, 110 S.W.3d at 447; *see also Gates v. Gates*, No. 11-18-00139-CV, 2020 WL 3635241, at *1, *3 (Tex. App.—Eastland June 30, 2020, no pet.) (mem. op.) (holding wife's portion of military retirement was ambiguous where it mentioned an award of "the monthly amount determined under the formula set forth below[,]" yet no later provision contained an award of a specific portion; and the award to the husband stated his portion included all right, title, and interest in and to that portion of the military

8

retirement "not awarded to [wife]"). Additionally, the decree separated provisions when it came to Appellant's retirement arising from his employment with the Texas Department of Corrections and his military retirement. Under the provision "H-3[,]" Appellant's retirement benefits deriving from his Texas Department of Corrections retirement is a separate and distinct provision. However, "H-4" then references the military retirement and mentions Appellee is awarded a portion of such benefits. Two distinct provisions dealing with two different retirement benefits shows an intent to award the Texas Department of Corrections retirement benefits solely to Appellant but an intent to divide proportionally the military retirement. Lastly, the mention of a domestic relations order shows an intent to award a portion of the retirement to Appellee, as the need for such an order would not be required if there was no intent to divide the retirement. *See* TEX. FAM. CODE ANN. § 9.101(b) (stating the trial court's authority to enter a post-decree qualified domestic relations order "applies to a previously divided . . . retirement plan").

Viewing the Decree language as a whole, the trial court correctly concluded the terms were ambiguous requiring a clarification as to the award of military retirement benefits. *See Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983) (holding a conflict between a provision and the remainder of a decree creates an ambiguity as to the intent of the parties); *Murray*, 276 S.W.3d at 145 (holding the language in the decree was subject to more than one interpretation when terms were undefined); *Guerrero*, 165 S.W.3d at 784 (holding undefined and unclear term in decree made the language ambiguous); *cf. Dalton v. Dalton*, 551 S.W.3d 126, 140 (Tex. 2018) (holding post-divorce order created a new division with additional interest in the retirement accounts awarded to wife in order to support spousal-support arrearage and was therefore not within the trial court's authority); *Shanks*, 110 S.W.3d at 448–49 (finding the decree's plain language was not ambiguous even if the

9

district court erroneously applied the law when it entered the decree).

Finding the terms of the decree to be ambiguous, we must next determine whether the trial court's clarification of the subject provisions were otherwise supported by the record. The interpretation of an ambiguous provision is a question of fact for the trial court, aided by extrinsic evidence, if necessary. *Guerrero*, 165 S.W.3d at 784. As the fact finder, the trial court determines the weight to be given any testimony and resolve conflicts in the evidence. *Id*. We will sustain the court's fact findings as legally sufficient if there is any probative evidence to support them. *Id*. A party must prove there was a previous agreement between the parties that was misstated in the written product due to a common mistake. *Gates*, 2020 WL 3635241, at *3.

Here, there was no testimony or evidence admitted at the clarification hearing. However, the record shows the trial court took judicial notice of the findings and recommendations from the parties' divorce proceeding which were signed by the judge who presided over the hearing and pronounced the parties' agreed divorce.[2] The trial court orally pronounced:

> The findings and recommendations in the case that were entered by Judge Macias, everybody agreed, Judge Macias signed it indicating that the wife was awarded one half of the community interest in nine years of Air Force retirement. So that was clearly the party's [sic] intent when they did this.

In determining whether the award in the divorce decree could be corrected, the trial court stated:

> That was clearly a mistake. It's clearly a scrivener's error . . . it's not enforceable in contempt because it awards 100 percent to both of them.

---

[2] From our review of the record, it appears the trial court reviewed the clerk's record from the prior proceedings and took judicial notice of the findings and recommendations entered by the judge at that time. *See In re J.E.H*., 384 S.W.3d 864, 869-70 (Tex. App.—San Antonio 2012, no pet.) (holding when the record is silent, the trial court is presumed to have taken judicial notice of the records in the court's file without any request and without announcement in the record of taking judicial notice); *In re S.A.C.*, No. 04-13-00058-CV, 2013 WL 2247471, *3 (Tex. App.—San Antonio May 22, 2013, no pet.) (mem. op.) (supporting the trial court's finding based on its reliance on notes from previous hearings).

10

The trial court then entered miscellaneous orders finding the decree to be clarified "to reflect the parties' intent to divide the retirement as per the Findings and Recommendations Form." The trial court was proper in relying on the previous findings and recommendations in determining the intent of the parties. *Gates*, 2020 WL 3635241, at *3. The omission of the terms of the division was clearly a scrivener's error and the trial court did not abuse its discretion in clarifying the Decree.

Notwithstanding the ambiguity, Appellant argues the trial court further erred in entering the domestic relations order based on the clarifying order because it changes the substantive division of property made in the original decree. We disagree. A trial court that rendered a final decree of divorce is permitted to render a qualified domestic relations order or similar order if one had not been provided previously. TEX. FAM. CODE ANN. § 9.103. Because we have found the clarification of the decree was proper, and no prior domestic relations order was previously provided by the court, the entry of a domestic relations order reflecting the clarification fell within the trial court's authority. *Id*.

Appellant next asserts that the trial court erred when it issued the clarified decree and domestic relations order with retroactive effect. The Texas Family Code states "[t]he court may not give retroactive effect to a clarifying order." TEX. FAM. CODE ANN. § 9.008(c). More specifically, a court may not give retroactive effect to a clarifying order in a way that subjects a party to immediate contempt. TEX. FAM. CODE ANN. § 9.008(d); *Zeolla v. Zeolla*, 15 S.W.3d 239, 242 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Yet, the clarified decree and domestic relations order did not attach new legal consequences to prior events or immediately subject Appellant to contempt. *Zeolla*, 15 S.W.3d at 243. Appellant does not assert any clear argument or

authority on the trial court's violation of section 9.008. Appellant's attempt to prevent the court from ordering him to pay past due obligations to Appellee is not what section 9.008 guards against. TEX. FAM. CODE ANN. § 9.008; *see also Zeolla*, 15 S.W.3d at 243 (holding trial court did not give a clarification order retroactive effect when it ordered payment of benefits already accrued under the agreement by the parties).

Lastly, in his reply brief, Appellant argues for the first time that the QDRO's award of cost-of-living adjustment increases was an impermissible modification of a substantive division of property made in the original decree. However, Rule 38.3 of the Texas Rules of Appellate Procedure restricts reply briefs to addressing only matters raised in appellee's brief and may not be utilized to present a new issue to the court. TEX. R. APP. P. 38.3; *In Interest of M.D.G.*, 527 S.W.3d 299, 302–303 (Tex. App.—El Paso 2017, no pet.). We will only consider Appellant's arguments made in response to Appellee's brief, which have been addressed, and not address the new issue raised by Appellant. TEX. R. APP. P. 38.3; *In Interest of M.D.G.*, 527 S.W.3d at 303; *see also Fox. v. City of El Paso*, 292 S.W.3d 247, 249 (Tex. App.—El Paso 2009, pet. denied) (holding appellant failed to preserve issue for review in raising new issue in reply brief).

Accordingly, Appellant's first issue is overruled.

### 2. Section 9.003 of the Texas Family Code

In his second issue, Appellant challenges the trial court's authority to enter clarifying orders asserting Appellee's request to clarify the divorce decree was barred by the limitations period contained in Section 9.003(b) of the Texas Family Code.

Section 9.003 provides as follows:

(b) A suit to enforce the division of future property not in existence at the time of the original decree must be filed before the second anniversary of the date the right

to the property matures or accrues or the decree becomes final, whichever date is later, or the suit is barred.

TEX. FAM. CODE ANN. § 9.003(b).

In response, Appellee replies that section 9.003(b) is inapplicable. Appellee argues the court retains the power to clarify the divorce decree and relies on two other provisions of the Texas Family Code. First, Appellee argues that section 9.006 permits a court to render orders to enforce the division of property made in the decree to assist implementation of or to clarify the prior order so long as the substantive division of the property is not altered or changed. Second, Appellee argues that section 9.008 allows the court to render a clarifying order setting forth specific terms to enforce compliance with the original division of property.

Whether a trial court retains jurisdiction is a question of law reviewed *de novo*. *Marshall*, 99 S.W.3d at 156 (determining whether the trial court had authority to enter a clarifying order when appellant challenged the clarification as being barred by the limitations period).

Appellant argues his retirement benefits accrued as early as September 2012 and Appellee failed to file anything before the court until October 2016. Appellant argues that Appellee's request is barred by the statute of limitations as it was filed more than four years after the retirement benefits accrued. Appellant asserts section 9.003 is applicable where "a suit to enforce the division of future property not in existence at the time of the original decree, such as future retirement benefits, must be filed before the second anniversary of the date the right to the property matures or accrues or the decree becomes final, whichever date is later." *Helm v. Hauser*, No. 04-17-00232-CV, 2018 WL 2943823, at *3 (Tex. App.—San Antonio June 13, 2018, pet. denied) (mem. op.). We disagree.

Here, Appellee requested an order to clarify the divorce decree as to the retirement benefits.

13

A clarification is a matter over which the trial court has continuing jurisdiction. TEX. FAM. CODE ANN. §§ 9.003, 9.008; *Marshall*, 99 S.W.3d at 157 (interpreting the motion to enter an amended QDRO as a motion to clarify the divorce decree and holding section 9.003 was inapplicable given that clarification is a matter the trial court has continuing jurisdiction over). Thus, we conclude that the statute of limitations provision contained in section 9.003 does not apply. *See Marshall*, 99 S.W.3d at 157.

Accordingly, Appellant's second issue is overruled.

### III. CONCLUSION

Having overruled Appellant's two issues, we affirm the trial court's judgment in clarifying the division of the Air Force retirement benefits.


GINA M. PALAFOX, Justice

April 26, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.