In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-21-00335-CV**

**TONI L. SIGEE, Appellant**

**V.**

**THOMAS P. SIGEE, Appellee**

**On Appeal from the 279th District Court**
**Jefferson County, Texas**
**Trial Cause No. F-176,384-F**

## MEMORANDUM OPINION

Toni L. Sigee petitioned the trial court to enter an order clarifying the division of her ex-husband's, Thomas P. Sigee, military retirement benefits awarded in their 2002 Final Divorce Decree ("Decree").[1] In one issue, Toni challenges the trial court's Military Retired Pay Division Order ("October 2021 Order"), clarifying the award of Thomas's military retirement benefits from their original divorce decree

_____

[1]For purposes of clarity, we refer to the parties by their first names.

and argues the trial court abused its discretion by using the formula it did. As discussed below, we affirm the trial court's Order.

## Background

Toni and Thomas were married on September 9, 1983, and the trial court signed the Decree on January 31, 2002, but later clarified the date of divorce was actually May 17, 2001. The Decree awarded Toni:

> [a]ll right, title, and interest in and to the monthly amount determined under the formula set forth below of the United States Army Reserve disposable retired pay to be paid as a result of [THOMAS'S] service in the United States Army Reserve, and as determined under the formula set forth below, of all increases in the United States Army Reserve disposable retired pay due to cost of living or other reasons, if, as, and when received.

The Decree further provided that the award of disposable retired pay to Toni was "made in compliance with the Uniformed Services Former Spouses' Protection Act." The Decree also stated:

> IT IS ORDERED that the Secretary of the United States Army Reserve or his designated agent shall pay to TONI L. SIGEE directly, each month, her interest awarded in this decree in the United States Army Reserve disposable retired pay paid as a result of THOMAS P. SIGEE, SR.'S service in the United States Army Reserve, plus fifty (50%) percent of all cost-of-living or the increases in the United States Army Reserve disposable retired pay on a monthly basis if, as, and when that retirement pay is due to be paid.

While this language specified Toni would receive fifty percent (50%) of the cost-of-living adjustments or increases, it did not specify the percentage for her award of "disposable retired pay."

2

In January 2021, the Defense Finance and Accounting Service (DFAS) mailed a letter to Toni stating that the Decree did not contain acceptable award language necessary for the military to comply with awarding Toni a portion Thomas's military retirement benefits and asked for clarification. The DFAS letter outlined the information needed for the military to comply with the award. Thereafter, Toni petitioned the court for a clarification order noting that the language in the Decree was not specific enough for the military to comply with the retirement award. In support of her request for clarification, Toni provided the trial court with documents from the DFAS that outlined the maximum allowable amounts and sample order with permissible language. The DFAS letter noted that the property award "must be expressed as a fixed dollar amount or percentage of disposable retired pay[,]" and it "also permits the use of an acceptable formula[.]"

The trial court's October 2021 Order contains the following findings of fact:

> The Parties were married on September 9, 1983. Their marital status was terminated on January 31, 2002 pursuant to a final decree entered in Jefferson County, State of Texas. This current order is entered incident to the aforementioned order.
> The parties were married for a period of ten or more years during which time the Respondent performed at least ten years of service creditable for retirement eligibility purposes.
> This court has jurisdiction over the Respondent by reason of his or her residence, other than because of military assignment, in the territorial jurisdiction of the court, during the divorce proceeding.

The October 2021 Order instructed the following formula should be applied to Toni's award of the military retirement benefits:

3

> [Toni][2] is awarded a percentage of the member's disposable military retired pay, to be computed by multiplying 50% times a fraction, the numerator of which is 208 months of marriage during the member's credible military service, divided by the member's total number of months of credible military service.
>
> On the date of the decree of divorce, dissolution, annulment or legal separation January 31, 2002, the member's military pay grade was E9 and the member had 259 months of credible military service.

Toni appealed the October 2021 Order, and she complained the trial court erred by applying Thomas's formula rather than as a percentage of disposable retired pay.

Upon review, this Court determined the October 2021 Order contained a discrepancy between the number of months the parties were married and the number of months of Thomas's creditable military service based on the dates of marriage and divorce stated in the trial court's Findings of Fact. Accordingly, we abated the appeal and remanded the matter to the trial court. *See* Tex. R. App. P. 44.4(a). In March 2023, the trial court issued the following additional Findings of Fact and Conclusions of Law:

> **A. FINDINGS OF FACT**
> After due consideration of the court's record and argument of counsel received during the hearing, and after reviewing dates of marriage, divorce and evidence of credible service dates, the Court makes the following Findings:
>
> 1. On February 7, 2023, the Court of Appeals for the Ninth District of Texas at Beaumont determined that a discrepancy exists between the

---

[2]The trial court's order incorrectly refers to Toni as "Petitioner's former spouse", but from the context of the order there is no question that the subject of this sentence is Toni and not Thomas.

number of months the parties were married and the number of months of respondent's credible service in the military.

2. The Court of Appeals abated the appeal to allow the Court an opportunity to correct the dates and to file a supplemental reporter's record with the court of appeals.

3. The parties were married from September 9, 1983 to May 17, 2001, equaling 17 years and 9 months (213 months).

4. Thomas P. Sigee retired from military service on October 21, 2007, Sigee had a total of 348 months of credible service in the military.

## B. CONCLUSIONS OF LAW

After due consideration of the record, matters officially noticed and the foregoing Findings of Fact. The Court makes the following Conclusions of Law:

Toni Sigee is entitled to a percentage of Thomas P. Sigee's ("member") disposable military retired pay, to be computed by multiplying 50% times a fraction, the numerator of which is 213 (total months of marriage) divided by the member's total number of months of credible service, 348.

### Standard of Review

We review the trial court's ruling on a motion for clarification of a divorce decree for an abuse of discretion. *See Watret v. Watret*, 623 S.W.3d 555, 560 (Tex. App.—El Paso 2021, no pet.); *Murray v. Murray*, 276 S.W.3d 138, 143 (Tex. App.—Fort Worth 2008, pet. dism'd). A trial court abuses its discretion when its decision is arbitrary or unreasonable, or when it acts without reference to any guiding rules or principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Watret*, 623 S.W.3d at 560; *In re Marriage of McDonald*, 118 S.W.3d 829, 832 (Tex. App.— Texarkana 2003, pet. denied). We review a trial court's conclusions of law for clarification order of a divorce decree de novo. *See Smith v. Burt*, 528 S.W.3d 144,

5

148 (Tex. App.—El Paso 2017, no pet.) (noting de novo review for conclusions of law in the context of divorce clarification order).

**Analysis**

A trial court retains continuing jurisdiction to render certain further orders regarding a final decree of divorce, including those to "assist in the implementation of or to clarify the prior order[,]" or "specify more precisely the manner of effecting the property division previously made or approved[.]" Tex. Fam. Code Ann. § 9.006(a), (b). "On a finding by the court that the original form of the division of property is not specific enough to be enforceable by contempt, the court may render a clarifying order setting forth specific terms to enforce compliance with the original division of property." *Id.* § 9.008(b); *accord In re Marriage of McDonald*, 118 S.W.3d at 832. These orders may specify more precisely how the previously ordered property division will be implemented so long as it does not alter the substantive division of the property. *See* Tex. Fam. Code Ann. §§ 9.006(b), 9.007(b); *see also McPherren v. McPherren*, 967 S.W.2d 485, 490 (Tex. App.—El Paso 1998, no pet.). If the order "amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce[,]" the order is "beyond the power of the divorce court and is unenforceable." Tex. Fam. Code Ann. § 9.007(b). A proper clarification is consistent with the prior divorce decree and merely serves to enforce by appropriate order the prior judgment or settlement

6

agreement. *Karigan v. Karigan*, 239 S.W.3d 436, 439 (Tex. App.—Dallas 2007, no pet.); *see also In re J.A.F.*, No. 09-15-00020-CV, 2017 WL 1089676, at *2 (Tex. App.—Beaumont Mar. 23, 2017, no pet.) (mem. op.). Therefore, clarification orders cannot be used to make a substantive change to the division of property in a divorce decree after it becomes final. *Shanks v. Treadway*, 110 S.W.3d 444, 449 (Tex. 2003); *Brown v. Brown*, 236 S.W.3d 343, 347 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

Toni requested the trial court provide more information so that the DFAS could pay her the portion awarded to her in the Decree. The documents she provided with her Petition for Clarification also indicate that the DFAS will "compute the amount of the award" based on the information the trial court provided, including the formula, and Toni provided acceptable formulas from the DFAS. On appeal, Toni argues the Decree awarded her fifty percent of Thomas's disposable retired pay. The Decree specified Toni would receive a percentage of Thomas's disposable retired pay "as determined under the formula," and that award would be consistent with the Uniformed Services Former Spouses' Protection Act. The Decree expressly mentions but fails to provide two things: (1) Toni's percentage; and (2) the specific formula.

While the Decree does not specify the percentage amount, the parties do not dispute that Toni is entitled to fifty percent. The question is whether that fifty percent

was based on straight "disposable retired pay" or "disposable retirement pay . . . as determined under the formula[.]" Reading the applicable retirement provisions together, the plain language supports the interpretation that Toni was awarded a percentage that would be modified by a formula. *See Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983) (explaining that courts construe a divorce decree as a whole to harmonize and give effect to the entire decree).

Having determined the trial court properly interpreted the Decree as requiring a formula in calculating Toni's award, we must next determine whether the trial court abused its discretion in deciding which formula to use in the October 21 Order. Since 1983, Texas courts have applied the *Berry* formula to calculate the division of retirement benefits. *See Shanks*, 110 S.W.3d at 446 (citing *Berry v. Berry*, 647 S.W.2d 945 (Tex. 1983)). With respect to retirement benefits, the *Berry* Court concluded that "the benefits are to be apportioned to the spouses based upon the community's interest *at the time of divorce*." *Berry*, 647 S.W.2d at 947 (emphasis added); *Hicks v. Hicks*, 348 S.W.3d 281, 285–86 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (explaining that *Berry* changed the fraction denominator to the number of months employed under the plan *at the time of divorce*). The *Berry* formula modified an earlier formula employed in *Taggart v. Taggart*, 552 S.W.2d 422 (Tex. 1977). The *Taggart* formula required courts to multiply a percentage by a fraction of the time in the plan while married divided by the total time of creditable service

8

*at the time of retirement. See Berry*, 647 S.W.2d at 946 (discussing *Taggart* formula).

The trial court further provided Thomas's rank, months of creditable service during marriage, and total months of creditable service at the date of divorce. The October 2021 Order specified that Toni would be awarded a percentage of Thomas's disposable military retired pay, which would be computed by multiplying 50% times a fraction: the numerator would be the months of marriage during Thomas's creditable military service, and the denominator would be creditable military service. The October 2021 Order further provided that "[o]n the date of the decree of divorce, dissolution, annulment or legal separation January 31, 2002, the member's military pay grade was E9 and the member had 259 months of creditable military service." The October 2021 Order employs a formula that calculated Toni's percentage interest in Thomas's retirement based on the value of the retirement at the date of divorce, which is consistent with *Berry* and is correct as a matter of law. *See Berry*, 647 S.W.2d at 947. The record further supports that the DFAS will use the information in the October 2021 Order to calculate the monthly amount payable to Toni. The formula the trial court used is consistent with *Berry* and with documents Toni provided to the trial court outlining the necessary information DFAS required to comply with the award. Therefore, the trial court did not act without reference to guiding rules or principles or arbitrarily in entering a clarification order determining

what formula to use, thus it did not abuse its discretion. *See Worford*, 801 S.W.2d at 109; *Watret*, 623 S.W.3d at 560; *In re Marriage of McDonald*, 118 S.W.3d at 832. We overrule this issue.

However, there is a variance between the trial court's October 2021 Order and the March 2023 Findings of Fact and Conclusions of Law, specifically, the number of months the parties were married and the number of months of Thomas's creditable military service. To the extent a variance exists between the March 2023 Findings of Fact and the October 2021 Order, we have the power to modify the judgment to conform with the findings of fact and conclusions of law. *See Arena v. Arena*, 822 S.W.2d 645, 652 (Tex. App.—Fort Worth 1991, no writ). "In the case of a variance such as this, the findings of fact and conclusions of law filed after the judgment are controlling if there is any conflict between them." *Id.* (citing *Southwest Craft Center v. Heilner*, 670 S.W.2d 651, 655 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.); *Law v. Law*, 517 S.W.2d 379, 383 (Tex. Civ. App.—Austin 1974, writ dism'd)).

The trial court's October 2021 Order incorrectly indicates the parties' date of divorce was January 31, 2002, but the March 2023 Findings show the date of divorce to be May 17, 2001, which is supported by the record. Further, the trial court's October 2021 Order incorrectly states the numerator should be 208 months of marriage during the member's creditable military service, when the March 2023 Findings show the months of marriage to be 213 months. Finally, the October 2021

10

Order states that the member had 259 months of creditable military service at the time of divorce, which varies from the information provided in the March 2023 Findings and should be 271 months of creditable military service at the time of divorce.[3] Accordingly, we modify the October 2021 Order to conform to the March 2023 Findings of Fact and apply those facts to the formula set forth in the October 2021 Order, which formula we have determined was correct as a matter of law. *See Arena*, 822 S.W.2d at 652.

## Conclusion

We hold the trial court did not abuse its discretion in rendering the October 2021 Order providing the information necessary to calculate Toni's interest in Thomas's military retirement when they divorced, including the formula, which would "enable the DFAS to compute the amount of the award." However, we modify the trial court's October 2021 Order to conform to the trial court's March 2023 Findings of Fact. Specifically, the October 2021 Military Retired Pay Division Order is modified as follows:

---

[3]The 2023 Findings of Fact do not expressly contain 271 months; however, this number can be extrapolated from the trial court's finding that Thomas retired on October 21, 2007, and on retirement, he had 348 months of creditable service in the military. From that finding, we determined that Thomas began his service on October 21, 1978, which we used to determine that Thomas had 271 months of creditable service when he and Toni divorced.

11

- In the third paragraph under "Findings of Fact", "January 31, 2002" is replaced with "May 17, 2001[;]" as the date the marital status was terminated;

- In the third paragraph of "Conclusions of Law", "Petitioner's former spouse" is replaced with "Toni"[;]

- In the third paragraph of "Conclusions of Law", "208 months of marriage" is replaced with "213 months of marriage[;]"

- The fourth paragraph of "Conclusions of Law", is stricken and replaced with "On the date of the decree of divorce, dissolution, annulment or legal separation May 17, 2001, the member's military pay grade was E9 and the member had 271 months of creditable service."

We affirm the trial court's October 2021 Military Retirement Division Order as modified.

AFFIRMED AS MODIFIED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on November 17, 2022
Opinion Delivered April 27, 2023

Before Golemon, C.J., Horton and Johnson, JJ.

12